UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DONALD G. GROSS<br>1519 33rd Street, NW<br>Washington, DC 20007<br><br>Plaintiff,<br><br>v.<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1333 New Hampshire Ave., N.W.<br>Washington, DC 20036-1564<br><br>Defendant.<br>Serve (as agreed):<br>    Christine Nicolaides Kearns<br>    Pillsbury Winthrop Shaw Pittman, LLP<br>    2300 N St., N.W.<br>    Washington, DC 20037 | Civil Action No.<br><br><br>JURY DEMANDED |

**COMPLAINT**
(Age Discrimination in Violation of the Age Discrimination in Employment Act and the
District of Columbia Human Rights Act)

COMES NOW the Plaintiff, Donald G. Gross, by and through his attorneys, Webster, Fredrickson & Brackshaw, and for his Complaint in the above-captioned action states to this Honorable Court as follows:

**PARTIES**

1. Plaintiff Donald G. Gross is an adult male citizen of the District of Columbia. At the time of his termination and at all times relevant hereto, Plaintiff was an employee in Defendant's Washington, D.C. office within the meaning of 29 U.S.C. § 630(f) and D.C. Code § 2-1401.02(9).

Plaintiff's date of birth is November 29, 1952.

2. Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" or "firm") is a limited liability partnership organized under the laws of the District of Columbia, maintaining its principal office in the District of Columbia. Defendant is an employer within the meaning of the 29 U.S.C. § 630(b) and D.C. Code § 2-1401.02(10).

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626(c), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

4. Venue is proper as all of the acts complained of herein occurred in the District of Columbia.

5. Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 29, 2005, less than 300 days from being notified of his termination, alleging his employment at Akin Gump was terminated on the basis of his age in violation of ADEA and the D.C. Human Rights Act.

6. Plaintiff filed the instant action more than sixty (60) days from the filing of the charge with the EEOC.

7. Plaintiff exhausted his administrative remedies prior to filing this action.

## FACTS GIVING RISE TO RELIEF

8. In June 2003, Defendant hired Plaintiff as Senior Counsel in its Washington, D.C. office. Among his initial assignments were organizing and administering the firm's Korea Practice Group, as well as working for a major client of the firm – Samsung Electronics Corporation – on a particular matter. Plaintiff was well-qualified for the Senior Counsel position.

9. Plaintiff led Defendant's work on these and other projects in an exemplary manner, receiving regular praise for his performance from Mr. Sukhan Kim, the head of the Korea Practice Group, as well as from other attorneys in the practice group.

10. Even before Plaintiff began working at the firm, Mr. Kim indicated that he was uncomfortable hiring a 50 year-old attorney. During the course of a pre-employment interview, for instance, Mr. Kim stated, "I am concerned about your age." Mr. Kim further stated, "You seem very old to be starting out in a major law firm." Michael Quigley, the second-highest partner in the Group, was present during this interview, and, through his silence, condoned these ageist remarks made by Mr. Kim.

11. Plaintiff replied that he hoped Mr. Kim would not hold his age and experience against him. Mr. Kim did not respond, and instead changed the subject.

12. In or around March 2004, Plaintiff took a three-week absence for minimally-invasive heart-valve surgery. Beginning with his return in or around April 2004, Mr. Kim's demeanor, interaction, and work assignments in relation to Plaintiff changed considerably. For instance, Mr. Kim avoided meeting with Plaintiff or contacting him by telephone and e-mail, as he had done during Plaintiff's previous nine months with the firm. Rather than communicate directly with Plaintiff about projects that Plaintiff had been directing, Mr. Kim began communicating with him through David Park, a significantly younger attorney in the Korea Practice Group.

13. Also in or around April 2004, Plaintiff asked Mr. Park why Mr. Kim had suddenly stopped communicating with him directly. Mr. Park explained that for cultural reasons, Korean employers like Mr. Kim prefer a clear superior-subordinate relationship, and that Mr. Kim felt that Plaintiff (51) was too old to work in a relationship in which he was subordinate to Mr. Kim (54) as

well as to Mr. Quigley, who was approximately 46 years old.

14. Mr. Park advised Plaintiff that Plaintiff's age was a "big problem" for Mr. Kim and that Plaintiff's recent heart surgery had deepened Mr. Kim's concerns about Plaintiff's age. Mr. Park also told Plaintiff that Mr. Kim had directed Mr. Park, who is in his thirties, to take charge of the projects headed up by Plaintiff.

15. Beginning around April 2004, Mr. Park effectively supervised Plaintiff's work, instructing him to draft sections of major memoranda, which Mr. Park then reviewed. Although this reporting relationship unjustifiably and effectively downgraded him, Plaintiff tolerated his effective demotion with the expectation that the change would prove to be temporary.

16. Several weeks after Plaintiff returned to work from his heart surgery, Mr. Kim encountered Plaintiff in the hallway, expressing concern about Mr. Gross' health and stating to Plaintiff that "we're both getting older."

17. Mr. Kim also initiated a discussion about the medicine Plaintiff had been prescribed for his heart condition and advised Plaintiff that he also took baby aspirin, which doctors had prescribed Mr. Gross.

18. Mr. Kim also asked Plaintiff when he expected to retire, suggesting that it was appropriate for him to be moving in that direction. When Plaintiff told him that he did not plan to retire for at least another 15 years or more, Mr. Kim expressed surprise and told Plaintiff that he (Mr. Kim) hoped to retire soon.

19. In or around July 2004, Mr. Kim and Mr. Quigley made negative comments to Plaintiff about his age, and suggested that he should not be working for Akin Gump.

20. For instance, on or about July 13, 2004, Mr. Kim told Plaintiff that he was "too old

to do the kind of work you're doing." Mr. Kim also asked Plaintiff about his age, and, when Plaintiff replied "51," reiterated his concern that Plaintiff was older than Mr. Quigley, which he said was "not good." Mr. Kim also stated that he was "very uncomfortable" that Plaintiff was "still doing writing and research" at his age.

21.     Mr. Kim suggested that Mr. Gross investigate the possibility of working with the firm's public law and policy practice group. The only reason that Mr. Kim provided for seeking Mr. Gross' removal from the Korea Practice Group was his discomfort with Plaintiff's age.

22.     A few days later, Plaintiff met with Mr. Quigley, who said he agreed completely with Mr. Kim that Mr. Gross was "not a good fit" with the Korea Practice Group because he was "too old to be doing junior-level work." On the other hand, Mr. Quigley said, he and Mr. Kim viewed the quality of Mr. Gross' work as very good.

23.     Mr. Quigley observed that Plaintiff's age and experience made him "perfect" for a job with a policy think tank or as an in-house corporate counsel, but reiterated his view that Plaintiff was too old to be working for Mr. Kim, Mr. Park and him in the Korea Practice Group.

24.     On or about August 5, 2004, Mr. Kim informed Plaintiff that the firm was terminating his employment effective October 1, 2004. According to Mr. Kim, Mr. Quigley had discussed Plaintiff's situation with R. Bruce McLean, Akin Gump's Chairman, who agreed that he was not a "good fit" with the group. Mr. Kim said that Mr. McLean decided on a "60-day exit strategy" for Plaintiff, and that Mr. McLean indicated that there was no work opportunity available for Plaintiff in the public law and policy practice group.

25.     On or about September 1, 2004, Plaintiff met with Rick Burdick, partner-in-charge of the Washington office, to seek his advice and assistance. To Plaintiff's surprise, Mr. Burdick told

Mr. Gross that he knew nothing about his termination. Mr. Burdick expressed appreciation for the work Plaintiff had done in organizing the Korea Practice Group, and said he would speak with Mr. McLean and Mr. Quigley.

26. Several days later, Mr. Burdick informed Plaintiff that he could, in fact, explore other opportunities in the public law and policy group, but he also confirmed that Plaintiff would have to leave Akin Gump if he could not find work with another group.

27. Although Plaintiff made every effort during September and October 2004 to convince top managers of the public law and policy group that he could make a strong contribution to their work, Defendant refused to give him a position and, after a one-month extension, terminated his employment on October 31, 2004.

28. During his employment at the firm, Plaintiff received nothing but praise for his work. Mr. Kim told Plaintiff repeatedly, both orally and in writing, that his work product was excellent. Mr. Kim also noted that lawyers and officials in Korea regarded Mr. Gross highly, and he even observed that Mr. Gross would make a great ambassador. Mr. Quigley said on more than one occasion that Plaintiff's work had earned him a great deal of good will at the firm, and admitted that Plaintiff's writing was better than his own.

29. On or about October 27, 2004, a few days before Plaintiff's last day at the firm, Mr. Kim reiterated to him that Akin Gump was terminating him not because of any defects in his performance, but because he was "too senior" because of his age and, therefore, "not a good fit."

30. Mr. Kim also told Plaintiff that his termination was not based on economic considerations, stating that the Korea Practice Group was having its best year ever and could easily "carry" Mr. Gross if it were not for his age.

31. Mr. Kim said he would have been able to pick up the phone and find Mr. Gross a position at another law firm if Mr. Gross were a fifth-year associate, but that this would not be possible in Plaintiff's case because he was too old.

32. On October 31, 2004, Defendant terminated Plaintiff's employment.

## COUNT I
### (Age Discrimination in Violation of the Age Discrimination in Employment Act)

33. Plaintiff Gross incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-32 of this Complaint with the same force and vigor as if set out here in full.

34. Plaintiff was terminated by the Defendant because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

35. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, loss of reputation, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

36. The acts committed by Defendant were intentional, knowing, willful and in reckless disregard of Plaintiff's rights, and unlawfully discriminated against Plaintiff on account of his age.

## COUNT II
### (Age Discrimination in Violation of the District of Columbia Human Rights Act)

37. Plaintiff Gross incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-36 of this Complaint with the same force and vigor as if set out here in full.

38. Plaintiff was terminated by the Defendant because of his age, in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et. seq.*

39. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

40. The acts committed by Defendant were intentional, malicious, wanton, willful, and in reckless disregard of Plaintiff's rights, and unlawfully discriminated against Plaintiff on account of his age.

\*    \*    \*

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

1. Enter judgment on behalf of Plaintiff Gross;

2. Award Plaintiff Gross lost back pay and front pay, compensatory damages, liquidated damages, and punitive damages;

3. Reinstate Plaintiff Gross into the position of Senior Counsel or a comparable position, with all attendant benefits, award front pay until Defendant reinstates Plaintiff into the position in question or a comparable position, and award all other appropriate equitable relief;

4. Award Plaintiff Gross his court costs, expenses, and attorneys' fees;

5. Award Plaintiff Gross compensation for any additional tax burden that is or will be incurred were it not for the discriminatory treatment to which he was subjected;

6. Award Plaintiff Gross prejudgment interest and post-judgment interest;

7. Declare that Defendant's conduct is in violation of the Age Discrimination in Employment Act and the District of Columbia Human Rights Act; and

8. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

*Donald G. Gross*
Donald G. Gross


WEBSTER, FREDRICKSON & BRACKSHAW

*[signature]*

Bruce A. Fredrickson  #933044
Jonathan C. Puth, #439241
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 659-8510

Attorneys for Plaintiff

## **VERIFICATION**

I, Donald G. Gross, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.

_____
Donald G. Gross


Subscribed and sworn to before me
this 26th day of February, 2007.

_____
Notary Public

My Commission Expires:

TERESITA V. NOLAN
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 31, 2010

## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

                                              */s/*
                                    Jonathan C. Puth, #439241
                                    Webster, Fredrickson & Brackshaw
                                      1775 K Street, N.W.
                                    Suite 600
                                    Washington, D.C. 20006
                                    (202) 659-8510

                                    Attorney for Plaintiff

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DONALD G. GROSS | AKIN GUMP STRAUSS HAUER & FELD LLP |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  D.C.<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  D.C.<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Jonathan C. Puth<br>Webster, Fredrickson & Brackshaw<br>1775 K St., N.W., Suite 600<br>Washington, D.C. 20006<br>(202) 659-8510 | ATTORNEYS (IF KNOWN)<br>Christine Nicolaides Kearns<br>Pillsbury Winthrop Shaw Pittman, LLP<br>2300 N St., N.W.<br>Washington, DC  20037<br>(202)663-8488 |

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

| Real Property<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

|  ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ⊙ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 2/26/2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.