# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DONALD G. GROSS, <br><br> Plaintiff, <br><br> v. <br><br> AKIN GUMP STRAUSS HAUER & FELD LLP, <br> 1333 New Hampshire Ave., N.W. <br> Washington, DC 20036-1564 <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 1:07CV00399 (ES) ) ) ) ) ) ) ) |

## **ANSWER**

Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") respectfully submits its response and answer to the Complaint. Any allegation that is not expressly admitted is denied.

1.  Defendant lacks sufficient information to admit or deny the allegations of the first sentence of paragraph 1 relating to Plaintiff's place of residence and allegations of the last sentence of paragraph 1 relating to Plaintiff's date of birth, and demands strict proof thereof. Defendant neither admits nor denies the remaining allegations of paragraph 1, because they are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

2.  Defendant denies that it is a limited liability partnership organized under the laws of the District of Columbia, and admits that it maintains its principal office in the District of Columbia. Defendant neither admits nor denies the remaining allegations

of paragraph 2, because they are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. Defendant admits that the Complaint purports to state claims that would support this Court's jurisdiction, but denies the factual and legal sufficiency of those claims.

4. Defendant admits that the Complaint purports to state claims that support venue in this district and division, but denies the factual and legal sufficiency of those claims.

5. Defendant admits that Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 29, 2005, in which he alleges age discrimination, but denies the factual and legal sufficiency of those claims. Defendant neither admits nor denies the remaining allegations of paragraph 5, because they are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Defendant admits the allegations of paragraph 6.

7. Defendant neither admits nor denies the allegations of paragraph 7, because they are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. Defendant admits that in June 2003, it extended an offer to Plaintiff as Senior Counsel in its Washington, D.C. office. Defendant also admits the second sentence of paragraph 8. Defendant denies the remaining allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant admits that Michael Quigley was present during Plaintiff's pre-employment interview. Defendant denies the remaining allegations of paragraph 10.

11. Defendant admits that during that meeting Mr. Gross made a statement to the effect that he hoped that his prior experience would not disqualify him for the position. Defendant denies the remaining allegations of paragraph 11.

12. Defendant admits that in or around March 2004, Plaintiff was absent for surgery. Defendant lacks sufficient information to admit or deny the allegation that the surgery was "minimally-invasive heart-valve" surgery. Defendant denies the remaining allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant admits that Mr. Park redrafted "sections of major memoranda" prepared by Mr. Gross. Defendant denies the remaining allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant admits that Mr. Kim spoke with Plaintiff about the fact that Mr. Kim took baby aspirin for his heart but denies the remaining allegations of paragraph 17.

18. Defendant admits that Mr. Kim made a statement to the effect that he (Mr. Kim) hoped to retire soon. Defendant denies the remaining allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant admits that Mr. Kim suggested that Mr. Gross investigate the possibility of working with the firm's public law and policy practice group. Defendant denies the remaining allegations of paragraph 21.

400544036v1

22. Defendant denies the allegations of paragraph 22.

23. Defendant admits that Mr. Quigley observed that Plaintiff's experience might make him a good fit for a job with a policy think tank or similar non-legal arena. Defendant denies the remaining allegations of paragraph 23.

24. Defendant admits that on or about August 5, 2004, Mr. Kim informed Plaintiff that the firm was terminating his employment. Defendant further admits that Mr. Quigley discussed Plaintiff with R. Bruce McLean, Akin Gump's Chairman, who decided that Mr. Gross's employment should be terminated, and that Mr. Kim relayed this to Plaintiff. Defendant denies the remaining allegations of paragraph 24.

25. Defendant admits that on or about September 1, 2004, Plaintiff met with Rick Burdick, partner-in-charge of the Washington office, and that Mr. Burdick told Mr. Gross that he knew nothing about his termination, and said he would speak with Mr. McLean and Mr. Quigley. Defendant denies the remaining allegations of paragraph 25.

26. Defendant admits the allegations of paragraph 26.

27. Defendant admits that that it terminated Plaintiff's employment effective October 31, 2004, and that it had granted Plaintiff a one-month extension of his original termination date. Defendant denies the remaining allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant admits that Mr. Kim told Plaintiff that his termination was not based on economic reasons. Defendant denies the remaining allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant admits the allegations of paragraph 32.

## COUNT I

33. Defendant incorporates the responses to paragraphs 1- 32 as if fully set forth herein.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

## COUNT II

37. Defendant incorporates the responses to paragraphs 1- 36 as if fully set forth herein.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

Defendant denies that Plaintiff is entitled to any of the remedies sought in his prayer for relief. Any allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Plaintiff failed to avail himself of remedial measures provided by his employer.

### THIRD DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### FOURTH DEFENSE

Plaintiff has failed to exhaust his administrative requirements.

## FIFTH DEFENSE

Plaintiff's claims are time-barred.

Dated: March 19, 2007						Respectfully submitted,


							/s/
							Christine N. Kearns (D.C. Bar # 416339)
							Karen-Faye McTavish (D.C. Bar # 477588)
							Pillsbury Winthrop Shaw Pittman LLP
							2300 N Street, N.W.
							Washington, DC  20037
							(202) 663-8000

							Counsel for Akin Gump Strauss Hauer & Feld, LLP

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2007, I electronically filed the foregoing document with the clerk of the court by using the ECF system, which will send a notice of electronic filing to the following counsel of record:

> Jonathan C. Puth
> Webster, Fredrickson & Brackshaw
> 1775 K Street, N.W.
> Suite 600
> Washington, D.C. 20006

>                    /s/
> Christine N. Kearns