**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD G. GROSS | ) |
| | ) |
| Plaintiff, | ) |
| | )      Civil Action No. 07-399 (EGS) |
| v. | ) |
| | ) |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(c), Plaintiff Donald G. Gross and Defendant Akin Gump Strauss Hauer & Feld, LLP, by and through their undersigned counsel, hereby jointly issue this statement of their conference regarding discovery in this matter.  The parties' proposed Scheduling Order is also submitted herewith.

Counsel for the parties have conferred by telephone to discuss the matters set forth in Local Civil Rule 16.3(c) as well as scheduling.  This statement reflects the agreement of Plaintiff's and Defendant's counsel on behalf of their clients.

In order to assist the Court in setting a schedule for this case, this report addresses the provisions of LcvR 16.3(c) as follows:

1.      Plaintiff and Defendant may file dispositive motions after the close of discovery and seek time in the schedule to do so.

2.      The parties propose a deadline for joinder of parties or amendment of the pleadings be set for May 25, 2007.

3.      The parties agree that this matter should not be assigned to a magistrate judge for all

purposes, including trial.

4.  The parties are prepared to discuss settlement but cannot assess now whether there is a reasonable chance of settling the case. The parties believe that they will be in a better position to discuss settlement following the exchange of initial disclosures.

5.  The parties believe that mediation before a magistrate judge would be appropriate after the parties' submission of initial disclosures.

6.  The parties propose the following briefing schedule upon the close of discovery: dispositive motions filed by September 30, 2007, oppositions due by October 31, 2007, and replies due by November 15, 2007.

7.  The parties are not dispensing with initial disclosures pursuant to Rule 26(a)(1). The parties seek leave to exchange initial disclosures by April 26, 2007.

8.  The parties propose that discovery in this matter be completed by August 31, 2007. The parties consider a protective order appropriate in this matter and hope to submit a proposed protective order prior to the Initial Scheduling Conference.

9.  The parties agree that a proponent's expert witness opinions and reports shall be served by no later than July 13, 2007, and any counter-expert (opponent's) opinions and reports shall be served by August 10, 2007. The parties further agree that depositions of any designated expert witnesses shall be taken by the close of discovery.

10. This matter is not a class action subject to Federal Rule of Civil Procedure 23.

11. The parties do not believe that bifurcated discovery or a bifurcated trial is appropriate.

12. The parties request that any pretrial conference be scheduled for a date no sooner than January 17, 2008, or as the Court's calendar permits.

13.     The parties recommend that a firm trial date should be scheduled approximately sixty (60)

        days after the pretrial conference, subject to the Court's calendar.

14.     No additional matters need to be addressed in the scheduling order at this time.

## STATEMENT OF THE CASE AND STATUTORY BASES
## FOR CAUSES OF ACTION AND DEFENSES

Defendant Akin Gump terminated Plaintiff Donald G. Gross, a Senior Counsel in Akin Gump's Korea Practice Group in Washington, D.C., in October 2004, after approximately a year and four months of employment. Mr. Gross, who was 51 at that time, alleges that his supervisor and Akin Gump partner Sukhan Kim(age 54 at that time) made numerous ageist remarks to Plaintiff, including that Mr. Gross was too old to work in a relationship in which he was subordinate to Mr. Kim, and that he was "not a good fit" with the Korea Practice Group because he was "too old." Mr. Gross alleges that immediately after he underwent minor heart surgery, Mr. Kim abruptly marginalized him from the practice. Mr. Gross alleges he was told he was being terminated because of his age and for no other reason. Defendant denies any ageist remarks, and alleges that Plaintiff's employment was terminated for legitimate performance reasons that became clear shortly after he commenced his employment and were never corrected. Defendant denies that age played any role in its decision.

Plaintiff alleges that he exhausted his administrative remedies and timely filed this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. and the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et. seq*. alleging termination of his employment because of his age. Defendant reserves all of the affirmative defenses raised in its Answer.

Respectfully submitted,


___*/s/  Jonathan C. Puth*___          ___*/s/   Christine Nicolaides Kearns*___

Bruce A. Fredrickson #933044          Christine Nicolaides Kearns #416339
Jonathan C. Puth #439241              Karen-Faye McTavish #477588
Webster, Fredrickson & Brackshaw      Pillsbury Winthrop Shaw Pittman LLP
1775 K Street, N.W., Suite 600        2300 N St., N.W.
Washington, D.C.  20006               Washington, DC  20037
(202) 659-8510                        (202) 663-8000

Counsel for Plaintiff                 Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DONALD G. GROSS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-399 (EGS) |
| v. | ) | |
| | ) | |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Upon consideration of the parties' Rule 16.3 Statement and the entire record herein, it is hereby ORDERED as follows:

1.    Initial disclosures shall be exchanged by April 26, 2007;

2.    The date by which any other parties shall be joined or the pleadings amended shall be May 25, 2007;

3.    The proponent of any expert shall serve any expert reports and opinions by July 13, 2007, and any counter-expert witness opinions and reports in opposition shall be served by August 10, 2007;

4.    All discovery shall be completed by August 31, 2007;

5.    Dispositive motions shall be filed by September 30, 2007; any opposition thereto shall be filed by October 31, 2007; and any reply shall be filed by November 15, 2007;

6.    A pretrial conference is set for January ___, 2008 at ____;

7.      Trial in this matter shall commence on _____, 2008.




Dated: _____        _____
                                       Judge Emmet G. Sullivan
                                       United States District Judge




Copies to:

Jonathan C. Puth, Esq.
Webster, Fredrickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006

Christine Nicolaides Kearns, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC  20037