**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD G. GROSS )<br><br>Plaintiff, )<br><br>v. )<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP )<br><br>Defendant. ) | Civil Action No. 07-399 (EGS/JMF) |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

COMES NOW the Plaintiff, Donald G. Gross ("Plaintiff"), by and through his attorneys, and pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure hereby moves this Honorable Court for an order compelling Defendant Akin Gump Strauss Hauer & Feld LLP ("Defendant" or "Akin Gump") to answer interrogatories and produce documents responsive to Plaintiff's discovery requests.

Plaintiff brings this Motion after engaging in a good faith effort to resolve the discovery disputes in this matter. The parties have succeeded at resolving some of their disputes, but Defendant continues to refuse to produce certain relevant and reasonable discovery. Defendant has produced heavily redacted documents, withheld certain critical information, and provided incomplete answers to Plaintiff's discovery requests, thus rendering a motion to compel necessary.

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion to Compel Discovery and order Defendant to produce all documents responsive to Plaintiff's discovery requests, to fully answer Plaintiff's interrogatories, and to allow for any further needed discovery concerning the documents heretofore withheld. Plaintiff's Motion is supported by good and substantial authority

in the attached Memorandum of Points and Authorities.

Respectfully Submitted,

WEBSTER, FREDRICKSON & BRACKSHAW


   */s/  Jonathan C. Puth*      
Jonathan C. Puth  #439241
Kataryna L. Baldwin  #494439
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorneys for Plaintiff

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD G. GROSS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ) |
| | ) |
| Defendant. | ) |

Civil Action No. 07-399 (EGS/JMF)

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**</u>

Plaintiff Donald G. Gross files this Motion to Compel after several attempts to resolve informally the refusal by Defendant Akin Gump Strauss Hauer & Feld LLP ("Defendant" or "Akin Gump") to provide responses to several discovery requests propounded by Plaintiff Gross.  In this age discrimination case in which Mr. Gross seeks to recover back pay and front pay, Defendant has sharply limited its responses to requests for the very pay information that would help prove the damages in this case.  Additionally, while Defendant has produced some documents regarding factual matters at issue, the documents produced are so heavily redacted as to hamper significantly Plaintiff's ability to interpret the documents, even though the parties have agreed to a protective order governing the confidential handling of documents.  Plaintiff Gross, therefore, moves to compel responses to the discovery.

Effective October 31, 2004, Akin Gump terminated Plaintiff's employment from his position as Senior Counsel in the Korea Practice Group in Akin Gump's Washington, D.C. office.  Mr. Gross' boss, Sukhan Kim, explained to Mr. Gross that he was being terminated because he was "too senior" and therefore "not a good fit" with the firm.  (Verified Complaint at ¶29.)  Even at the time

of his job interview a year and a half earlier, Mr. Kim had expressed reservations directly to Mr. Gross, stating: "I am very concerned about your age," and "[Y]ou seem very old to be starting out in a major law firm." (*Id*. at ¶10.)  Another witness explained to Mr. Gross that age was a "big problem" for Mr. Kim because of the importance of age as a proxy for rank in Korean society, and that Plaintiff Gross was too close in age to his boss and older than a senior partner working in the Korea Practice Group.  (*Id*. at ¶¶13-14.)

Mr. Gross brought this action alleging that Akin Gump terminated his employment because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. and the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et. seq*.  In his complaint, Mr. Gross seeks back pay, front pay, and liquidated damages, along with other damages.

## ARGUMENT

The Federal Rules of Civil Procedure contain a liberal standard for civil discovery.  Rule 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1).  This standard of relevancy is "to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moore v. Chertoff*, 2006 WL 1442447, at *2 (D.D.C. 2006)(internal quotations omitted); *see also Tequila Centinela v. Bacardi & Co.*, 2007 WL 1020785, at *4 (D.D.C. March 29, 2007)("The term relevance at the discovery stage is a broadly construed term and is given very

2

liberal treatment.") This liberal standard of discovery provided by Rule 26 is particularly important in civil rights actions, where plaintiffs should be granted wide latitude in discovery due to the need to prove discriminatory intent. *See Wards Cove Packing Co. v. Antonio,* 490 U.S. 642, 657-58 (1989)("liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims").

In this case, Plaintiff seeks to obtain discovery concerning his damages, in addition to discovery concerning the factual matters at issue in this case. Defendant resists the discovery based on claims of relevance, but Defendant cannot meet its burden to demonstrate that the information sought is not relevant to Plaintiff's claims. Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel.

**I.     The Court Should Compel Responses to Interrogatories and Requests for Production Seeking Information Concerning Compensation and Mobility.**

As note above, Plaintiff Gross alleges that he was terminated because of his age, and not for performance reasons, as Defendant now alleges. A central aspect of relief sought by Plaintiff is back pay and front pay, representing the amount that Plaintiff Gross would have earned had he remained employed by Defendant, minus amounts earned by Plaintiff Gross in the interim. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417 (1975)(Title VII). Plaintiff further seeks an award of liquidated damages, amounting to an additional award of pay for Defendant's having known or shown reckless disregard for whether its conduct violated the law. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 616-17 (1993).

Plaintiff began working for Akin Gump as Senior Counsel on July 7, 2003 at a rate of $250,000 per year and was terminated effective October 31, 2004. Plaintiff believes that, absent age

3

discrimination, he would have enjoyed increases in his annual rate of pay and been eligible for

bonuses provided to other Senior Counsel and to members of the Korea Practices Group.  Plaintiff

further believes that in the absence of discrimination he would have had the opportunity to ascend

to a partnership position and enjoy the added compensation that comes with such a promotion.

With that in mind, Plaintiff Gross propounded the following discovery calculated to obtain

evidence concerning pay and mobility.  Defendant's responses are provided below in full:

Interrogatory No. 3: Identify each and every person at Akin Gump from January 1, 2002 until the present who at any time during his or her tenure held the title "Senior Counsel."  For each person so identified, please state the date the person was hired, the date his or her tenure with Akin Gump ended, all titles (such as Senior Counsel, Of Counsel, Partner, etc.) held by the person, and the dates any such title(s) were held.

RESPONSE:  Defendant objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

Interrogatory No. 8:  For the time period of January 1, 2002 to the present, state the value and method of calculation of each component of income, expense, benefit, or reimbursement provided to or available to each person holding the Senior Counsel position, including but not limited to those available or provided to Plaintiff, and the amounts paid or available to each Senior Counsel on an annual basis.

RESPONSE:  Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests information relating to individuals other than Mr. Gross.  Defendant directs Plaintiff to Mr. Gross's personnel file (AK 000001-AK000079), W2 tax forms (AK000080-AK 000081), and Akin Gump's Summary of Benefits Senior Counsel, Counsel, Associates, Senior Attorneys and Staff Attorneys (AK 000164- AK 000172), for information relating to his income and benefits.

Interrogatory No. 9:  For the time period January 1, 2002 until the present, identify each attorney in the Korea Practice Group.  Please include in your response for each the attorney's hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year.

RESPONSE:  Defendant objects to this request as overbroad, irrelevant and not

4

reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests the hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year with respect to each attorney in the Korea practice group from January 1, 2002 until the present.  In addition, Defendant objects to this request as vague because the "Korea practice group" is an informal subdivision within Akin Gump. Notwithstanding these objections, Defendant states that the following attorneys did a substantial amount of Korean work during the requested time period:  Mr. Kim, Mr. Quigley, Mr. Park, Ms. Park, Thomas C. Hubbard, James K. Lee, and Mr. Gross.

(Ex. 1, Excerpts, Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories, May 14, 2007.)

As shown by Defendant's responses above, Defendant took the initial position that it did not have to identify any individuals who, like Mr. Gross, held the "Senior Counsel" position, and that no compensation information whatsoever would be provided for any other attorneys, whether for Senior Counsel or in the Korea Practice Group.  By letters dated May 14, 2007, June 7, 2007, and June 27, 2007, Plaintiff wrote to Defendant noting deficiencies in Defendant's responses and explaining his position regarding the relevance of the requested information.  (*See* Ex. 2, Letter from J. Puth to C. Kearns, May 14, 2007; Ex. 3, Letter from J. Puth to C. Kearns, June 7, 2007; Ex. 4, Letter from J. Puth to C. Kearns, June 27, 2007.)  Plaintiff also discussed the deficiencies in numerous telephone conferences with Defendant's counsel, including on May 30 and June 21, 2007. Defendant later provided unsworn salary information regarding two attorneys in the Korea Practice Group, and then agreed to supplement its interrogatory responses to provide "Senior Counsel compensation information for Senior Counsel hired from January 1, 2003 to the present" but refused to produce the names of the Senior Counsel or otherwise respond completely to the discovery requests.  (*See* Ex. 5, Letter from K. McTavish to J. Puth, June 29, 2007, at 1.)

5

**A.    Defendant should be compelled to produce information regrading the mobility of attorneys holding the Senior Counsel position.**

Plaintiff's Interrogatory No. 3 is calculated to obtain discovery regarding the mobility of individuals hired by Akin Gump into other positions, such as partner.  (*See* Ex. 1.)  Specifically, the interrogatory seeks the identity of all individuals employed at Akin Gump since 2002 "who at any time during his or her tenure held the title 'Senior Counsel,'" and further seeks the attorneys' hire date, the titles held, and the dates that the attorney held such titles.  (*Id*.)  By obtaining such information, Plaintiff would be in a position to present evidence about further economic and advancement opportunities denied him due to the discrimination.  As such, the interrogatory is carefully geared to obtain information that would bear upon Mr. Gross' damages in this case.

Defendant refused to respond at all to the interrogatory (*see id*.), and later produced an unsworn response indicating that two attorneys hired as Senior Counsel in just the last three years had been promoted to Partner positions within a short time frame.  Otherwise, Defendant has refused to respond to the interrogatory.

Defendant's response and objections to Interrogatory No. 3 on the basis of relevance, overbreadth and burden should be rejected.  Defendant has withheld information that would help predict the advancement and compensation potential that Plaintiff could have enjoyed were it not for the discrimination, a subject of obvious relevance to Plaintiff's damages.[1]  Moreover, Defendant has not presented an allegation of any specific burden that a complete response would entail, nor has Defendant suggested that some narrower breadth would adequately serve to prove the advancement

---

[1]Plaintiff plans to engage an expert on the question of back pay, front pay, and advancement, but Defendant has not yet produced data that would enable an expert to predict a range of compensation.  (*See* Exs. 3, 4.)  The expert designation deadline in this case is currently July 13, 2007.  (*See* Scheduling Order, entered April 16, 2007.)

6

opportunities available to Senior Counsel at Akin Gump.  A complete response should be compelled.

**B.     Defendant should be compelled to produce complete compensation data for Senior Counsel and Korea Practice Group attorneys.**

In Interrogatories Nos. 8 and 9, Plaintiff sought compensation information for Senior Counsel and Korea Practice Group attorneys, but Defendant refused initially to provide any responsive information aside from information concerning the compensation provided to Mr. Gross.  (*See* Ex. 1.)  In Interrogatory No. 8, which seeks compensation information for attorneys in the Senior Counsel position from 2002 until the present, Defendant objected on the basis of relevance, breadth, and burdensomeness, but did not suggest any particular burden presented by the interrogatory.  Defendant later agreed to provide anonymous data for a subset of individuals (only those hired after January 1, 2003), but refused to provide any identifying information.  (*See* Ex. 5.)  Defendant has not yet provided any such data to Plaintiff, despite the impending July 13, 2007 expert designation deadline.

In response to Interrogatory No. 9, which seeks compensation data for attorneys in the Korea Practice Group, Defendant later produced limited and unsworn data regarding salary alone solely for one associate attorney for the years prior to the time he became a partner, and three years of data for a "Senior Advisor" to the Korea Practice Group.[2]  Defendant refuses to provide compensation information for any other attorneys identified as practicing in the Korea Practice Group.

As noted above, the interrogatories seek data that would assist in predicting the compensation (whether salary, bonus, gift, etc.), that Mr. Gross would have earned were it not for the intentional discrimination against him.  In devising an award of back pay (and by extension liquidated damages

---

[2]Defendant later agreed to provide bonus and other compensation information for these two individuals, but has not yet done so.

7

and front pay), a court must, "as nearly as possible, recreate the conditions and relationships that would have been, had there been no unlawful discrimination." *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 372 (1977). Consequently, an award of back pay (and liquidated damages and front pay) should be tailored to include the promotions, bonuses, and pay increases Plaintiff would have received were it not for the discrimination, based specifically on compensation and promotions received by comparative employees. *See Hartman v. Wick*, 678 F. Supp. 312, 337 (D.D.C. 1988)(and citing cases). Plaintiff was paid at an annual rate of $250,000 for a 16 month period ending in October 2004, but there is no reason to believe that his compensation would have remained static were it not for the discrimination. The compensation provided to other Senior Counsel and other Korea Practice Group attorneys will provide data from which conclusions on salary growth, bonuses, and other compensation, could reasonably be drawn.

Defendant's suggestion that a subset of data for Senior Counsel is sufficient should be rejected. Defendant proposes to provide some data for individuals *hired* in the Senior Counsel position since 2003, but not for Senior Counsel *employed* in that position since 2002, as requested. In order to obtain a reliable statistical comparison, however, Plaintiff should be entitled to obtain a larger data pool.

Plaintiff also disagrees with Defendant's proposal to provide anonymous data. The parties have agreed to a protective order in this case that would keep strictly confidential the discovery produced in this litigation, and which provides for the destruction of the data following resolution of this matter. More importantly, Plaintiff understands Defendant's position to be that decisions as to salary adjustments, bonuses, and promotions are individualized, and would not necessarily have been available to Plaintiff in the absence of the discriminatory termination. If that is the case, then

shielding the identities of other individuals in the same Senior Counsel position would prevent

Plaintiff from inquiring further about the very distinctions that Defendant might wish to advance.

If, on the other hand, Defendant would concede that average salary adjustments and promotional

opportunities would be the same for Plaintiff as for other Senior Counsel, then Plaintiff would have

no objection to the provision of anonymous data.

### C.    Defendant should be compelled to produce documents regarding the writing abilities of other Korea Practice Group attorneys.

Plaintiff propounded the following Requests for Production of Documents, to which

Defendant gave the following responses:

Request No. 17: If you contend that Plaintiff's writing abilities were deficient in any manner, please produce all documents reflecting or related to the writing abilities of all Korea Practice Group attorneys for the period January 1, 2002 through December 31, 2005.

RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case. In addition, Defendant objects to this request because it seeks documents protected by Akin Gump's clients' attorney-client privilege or protected work-product client documents.

Request No. 19: If you contend that Plaintiff's analytical abilities were deficient in any manner, please produce all documents reflecting or related to the analytical abilities of all Korea Practice Group attorneys for the period January 1, 2002 through December 31, 2005.

RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case. In addition, Defendant objects to this request because it seeks documents protected by Akin Gump's clients' attorney-client privilege or protected work-product client documents.

Despite requests by Plaintiff to provide these documents, Defendant maintains its objections,

calling the requests "ridiculously overbroad." (*See* Ex. 5 at 2.) Plaintiff, however, only seeks

documents comparable to those produced by Defendant with respect to Mr. Gross.

9

The genesis of the dispute concerns Defendant's apparent position that Mr. Gross, a professional writer, was terminated because of his writing skills, while Plaintiff maintains that any criticisms of his writing were overblown to mask intentional and illegal discrimination.  Plaintiff contends that drafting of documents within the Korea Practice Group was a collaborative process, with numerous individuals involved in the drafting and editing process, and that each individual attorney, whether Partner, Associate, or Senior Counsel, had his or her work edited by other Partners, Associates, or Senior Counsel on a regular basis.

In this case, Defendant has produced documents drafted and edited by Plaintiff that were also edited by others, and also contends that Plaintiff's work "required redrafting by others."  (Ex. 1 at 3.)  If Defendant were to concede that the documents produced reflected the typical collaborative drafting process undertaken attorneys in Akin Gump's Korea Practice Group and did not reflect a criticism of Plaintiff's writing skills, then there may be no problem.  Plaintiff understands, however, that Defendant takes the position that editing of Plaintiff's work is instead somehow reflective of poor writing skills.  In that case, Defendant cannot have it both ways.  If Defendant contends that Plaintiff's work required editing or "redrafting," then Plaintiff is entitled to compare how much editing or "redrafting" was required of other attorneys' writing.  Therefore, Defendant should be compelled to produce documents responsive to Plaintiff's Request Nos. 17 and 19.

## II.     The Court Should Compel Production of Unredacted Documents

Defendant recently produced thousands of pages of documents in which large portions of subject matter and individual identities have been redacted.  In particular, Defendant redacted identifying information regarding subject matter, individuals, entities, identities of senders and recipients of e-mail, and other substantial information that renders it difficult if not impossible in

some instances to interpret the thousands of pages of discovery produced. All such communications are subject to a protective order agreed to by the parties in this case, and should be produced.

The heavy redactions in the documents produced make it difficult to identify which documents correspond to the discovery requests propounded by the Plaintiff, and Defendant has refused to amend its Responses to identify which documents correspond to particular discovery requests. This has made Plaintiff's review of the 3,300 pages of documents produced so far inefficient and subject to guesswork over the significance of each document.

For instance, Defendant has recently moved to file an amended complaint and counterclaim concerning certain factual matters, and argues for damages against Plaintiff. (*See* Motion to Amend Answer and File Counterclaims, June 25, 2007.) While Plaintiff is able to discern from Defendant's discovery production the documents referred to in Defendant's Motion, the matters at issue involve months and months of prior and subsequent communications documented in Defendant's records that were presumably produced in discovery. Because the entities, individuals, and subject matter of those prior e-mails and documents have been so heavily redacted, however, the relevance of any particular document to the issues advanced in Defendant's motion cannot be discerned upon review. As such, Defendant has unnecessarily and improperly placed Plaintiff at a material disadvantage by depriving Plaintiff of the opportunity to meaningfully review and interpret the discovery.

Defendant's claim that the redacted information is not relevant does not hold water. The redacted information provides the very context and information that renders the documents understandable. If client confidences are the concern, there is a protective order that has been agreed to by the parties in this case that requires the confidential handling of documents. Moreover, Plaintiff Gross was a party to most all the communications at issue, therefore there will be no

11

compromise of client confidences.

Where parties agree to a protective order, the redaction of documents is inappropriate and unnecessary. *See Kern v. University of Notre Dame Du Lac*, 1997 WL 816518, at *7 (N.D. Ind. 1997)(production of heavily redacted documents, despite a protective order, unfairly deprives receiving party of content, perspective, and understanding of the relevancy of the disclosed information); *see also Peraita v. Don Hattan Chevrolet, Inc.*, 2005 WL 2619533, at *2-3 (D. Kan. 2005)(ordering production of documents in unredacted form). The Court should compel the unredacted production of all documents produced to date, as well as any additional documents Defendant may produce in the future.

## III.    Duty to Confer Under Local Rule 7

Counsel for Plaintiff has discussed the above discovery issues with counsel for Defendant in telephone conferences on May 30 and June 21, 2007, and by letters dated May 14, 2007, June 7, 2007, and June 27, 2007, seeking Defendant's cooperation in resolving the issues and indicating Plaintiff's intention to file this Motion to Compel. A good faith effort was made to narrow the areas of disagreement, and while some areas have in fact been narrowed, Defendant has refused to fully respond to Plaintiff's discovery requests, making this Motion necessary.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant his

Motion to Compel Discovery.


Respectfully Submitted,

WEBSTER, FREDRICKSON & BRACKSHAW


___*/s/  Jonathan C. Puth*_____
Jonathan C. Puth  #439241
Kataryna L. Baldwin  #494439
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorneys for Plaintiff

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DONALD G. GROSS | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. 07-399 (EGS/JMF) |
| v. | ) |
| | ) |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Upon consideration of Plaintiff's Motion to Compel Discovery, any Opposition thereto, and the entire record herein, it is hereby

**ORDERED** that the Plaintiff's Motion to Compel Discovery is hereby, **GRANTED;** and it is further

**ORDERED** that Defendant shall produce within _____ days all documents responsive to Plaintiff's Interrogatory No. 3, 8, and 9, and Request for Production Nos. 17 and 19; and it is further

**ORDERED** that Defendant shall produce all responsive documents in unredacted form, subject to the parties' agreed protective order where appropriate; and it is further

**ORDERED** that Plaintiff shall be allowed to conduct further discovery concerning the responsive documents, including taking depositions.


Dated: _____          _____
                                       Judge Emmet G. Sullivan
                                       United States District Court for the District of Columbia

14

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** day of July, 2007, a copy of the forgoing Motion to Compel Discovery, the Memorandum of Points and Authorities in Support thereof, and draft order was sent by first class mail, postage prepaid, and transmitted electronically to:

Christine Nicolaides Kearns
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC  20037


Counsel for Defendant


_____*/s/   Kataryna L. Baldwin*_____
Kataryna L. Baldwin
Webster, Fredrickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD G. GROSS, )
)
Plaintiff, )
)
v. )
) Case No. 1:07CV00399 (ES)
AKIN GUMP STRAUSS HAUER & FELD )
LLP, )
)
Defendant. )
)
)
)

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), by counsel and pursuant to Federal Rule of Civil Procedure 33, hereby submits its objections and responses to Plaintiff Donald G. Gross's Interrogatories.

### 1.    GENERAL OBJECTIONS

In addition to the objections specifically asserted below, Akin Gump asserts the following general objections, which are applicable to all of the interrogatories:

A.    By producing documents or supplying other information responsive to these interrogatories, Akin Gump does not concede, and reserves all objections with respect to the relevance, materiality or admissibility of such documents or information.

B.    Akin Gump objects to these interrogatories to the extent that they purport to require the disclosure of communications, documents or information prepared in anticipation of litigation or protected by the work product doctrine or subject to a claim of privilege, including,

## 2.    SPECIFIC OBJECTIONS

Akin Gump specifically incorporates all of the aforementioned general objections into the

following specific objections.

### INTERROGATORIES

**INTERROGATORY No. 1:**    *State with particularity and in detail each and every*

*reason for the termination of Donald Gross's employment with Akin Gump and identify all*

*documents related thereto.*

RESPONSE: Defendant objects to this request as overbroad and unduly burdensome to

the extent that it requests that Defendant identify all documents related to the reasons for Mr.

Gross's termination. Notwithstanding this object, Defendant provides the following response:

Mr. Gross was hired with the express understanding that the firm's need for him would be

reassessed in one year. Accordingly, the firm assessed its need for Mr. Gross, and his

employment was terminated for his inadequate performance and contributions. Mr. Gross's

work on, among other things, policy memoranda in connection with a sophisticated special

project for an Akin Gump client (a project he was hired to complete), was not usable. Although

the written work was not deficient with respect to grammar or other technical writing skills, it

lacked organization and rigorous analytical thought, and required redrafting by others. David

Park, who was an Akin Gump associate at the time, and is currently an Akin Gump partner, in

particular, was tasked with revising Mr. Gross's written material, and eventually found himself

rewriting virtually all of the special-project-related assignments completed by Mr. Gross.

Michael Quigley, a former Akin Gump partner, also rewrote one of Mr. Gross's memoranda

from scratch. After a few months, Sukhan Kim, an Akin Gump partner, stopped giving Mr.

Gross substantive writing assignments, because Mr. Gross had proven unable to draft them in a satisfactory manner. At that point, Mr. Kim turned the special project that Mr. Gross had been hired to complete over to Mr. Quigley and Mr. Park.

In addition, Mr. Gross was hired to add structure to the Korea practice group. That structure never materialized. Finally, Mr. Gross had represented that he would be able to build Akin Gump's Korea practice through his client contacts in Korea. Unfortunately, Mr. Gross had no success there either.

**INTERROGATORY No. 2:**    *Identify each and every person with knowledge of the reason(s) why Donald Gross's employment was terminated and describe the substance of what each such person knows.*

RESPONSE: Mr. Kim; Mr. Quigley; Mr. Park; Jaemin Park, former Akin Gump partner; D. Michael Kaye, former Akin Gump partner; and R. Bruce McLean, Akin Gump partner and Chairman, have such information as discussed above in Defendant's response to Interrogatory No. 1.

**INTERROGATORY No. 3:**    *Identify each and every person at Akin Gump from January 1, 2002 until the present who at any time during his or her tenure held the title "Senior Counsel." For each person so identified, please state the date the person was hired, the date his or her tenure with Akin Gump ended, all titles (such as Senior Counsel, Of Counsel, Partner, etc.) held by the person, and the dates any such title(s) were held.*

Notwithstanding these objections, Defendant states that no claims of age discrimination have ever been made against any of the individuals named in Plaintiff's Complaint; by anyone in Akin Gump's Washington D.C. office; or by any attorney of the firm.

**INTERROGATORY No. 6:**    *Identify and describe each custom, policy and practice created or used by Akin Gump to prohibit workplace discrimination and identify each document that reflects or relates to such custom, policy or practice.*

RESPONSE: Please see AK 000129-AK 000131.

**INTERROGATORY No. 7:**    *Identify each witness whom you intend to call at trial in this matter.*

RESPONSE: Defendant objects to this request as premature. Defendant will provide this information in accordance with the applicable federal and local rules, and/or any Orders issued by the Court in this matter.

**INTERROGATORY No. 8:**    *For the time period of January 1, 2002 to the present, state the value and method of calculation of each component of income, expense, benefit, or reimbursement provided to or available to each person holding the Senior Counsel position, including but not limited to those available or provided to Plaintiff, and the amounts paid or available to each Senior Counsel on an annual basis.*

RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonable calculated to lead to the discovery of admissible evidence in this case to the extent it requests information relating to individuals other than Mr. Gross. Defendant directs Plaintiff to Mr. Gross's personnel file (AK 000001-AK 000079), W2

tax forms (AK000080-AK 000081), and Akin Gump's Summary of Benefits Senior Counsel, Counsel, Associates, Senior Attorneys and Staff Attorneys (AK 000164- AK 000172), for information relating to his income and benefits.

**INTERROGATORY No. 9:**   *For the time period January 1, 2002 until the present, identify each attorney in the Korea Practice Group. Please include in your response for each the attorney's hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year.*

RESPONSE: Defendant objects to this request as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests the hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year with respect to each attorney in the Korea practice group from January 1, 2002 until the present. In addition, Defendant objects to this request as vague because the "Korea practice group" is an informal subdivision within Akin Gump. Notwithstanding these objections, Defendant states that the following attorneys did a substantial amount of Korean work during the requested time period: Mr. Kim, Mr. Quigley, Mr. Park, Ms. Park, Thomas C. Hubbard, James K. Lee, and Mr. Gross.

**INTERROGATORY No.10:**    *For each interrogatory, separately, identify each person who prepared or assisted in preparation of the response, and state how that person assisted in the preparation of each response.*

RESPONSE:  Undersigned attorneys prepared these interrogatories with the assistance of in-house counsel, Julie Stumpe Dressing, Esq., Chief Human Resources Officer & Human Resources Counsel at Akin Gump.

DATED:  May 14, 2007                    Respectfully submitted,


_Christine N. Kearns_

Christine N. Kearns
Karen-Faye McTavish
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, DC  20037
Telephone: (202) 663-8000

Counsel for Defendant

Signed as to answers:

Akin Gump Strauss Hauer & Feld LLP

Akin Gump Strauss Hauer & Feld, LLP

By: Julie Stiege Diessing

Chief HR officer / HR Cansel

Date: May 11, 2007

WEBSTER, FREDRICKSON & BRACKSHAW
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KATARYNA LYSON
GEOFFREY H. SIMPSON⁺
NATALIE L. SMITH
⁺ADMITTED ONLY IN MD

May 14, 2007

**BY FACSIMILE AND BY MAIL**
**(202) 663-8007 (4 pages)**

Christine Nicolaides Kearns, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC 20037

Re:    *Gross v. Akin Gump Strauss Hauer & Feld LLP*, 07-399 (EGS)

Dear Tina:

I write in response to Akin Gump's Responses to Plaintiff's First Set of Interrogatories served this afternoon. While there are a number of issues to address, I thought it would be helpful to get back to you right away concerning certain responses in hopes that we might speed along some important aspects of discovery.

A number of Plaintiff Gross' interrogatories and document requests seek information concerning damages, and particularly information that would provide a basis from which to calculate Mr. Gross' damages in this matter. As you know, Mr. Gross began work July 7. 2003 at a rate of $250,000 per year and was terminated effective October 31, 2004. In this case, Mr. Gross seeks to recover back pay, front pay, and liquidated damages, not at a static rate of $250,000 per year but instead at a rate reflecting the pay raises, bonuses, and other payments he would have received were it not for the discrimination, amounts to be established by reference to comparable Akin Gump employees.

For instance, Plaintiff propounded the following Interrogatories, to which Defendant provided the following responses:

<u>Interrogatory No. 3:</u> Identify each and every person at Akin Gump from January 1, 2002 until the present who at any time during his or her tenure held the title "Senior Counsel." For each person so identified, please state the date the person was hired, the date his or her tenure with Akin Gump ended, all titles (such as Senior Counsel,

Christine Nicolaides Kearns, Esq.
May 14, 2007
page -2-

Of Counsel, Partner, etc.) held by the person, and the dates any such title(s) were held.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

Interrogatory No. 8: For the time period of January 1, 2002 to the present, state the value and method of calculation of each component of income, expense, benefit, or reimbursement provided to or available to each person holding the Senior Counsel position, including but not limited to those available or provided to Plaintiff, and the amounts paid or available to each Senior Counsel on an annual basis.

RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests information relating to individuals other than Mr. Gross. Defendant directs Plaintiff to Mr. Gross's personnel file (AK 000001-AK000079), W2 tax forms (AK000080-AK 000081), and Akin Gump's Summary of Benefits Senior Counsel, Counsel, Associates, Senior Attorneys and Staff Attorneys (AK 000164- AK 000172), for information relating to his income and benefits.

Interrogatory No. 9: For the time period January 1, 2002 until the present, identify each attorney in the Korea Practice Group. Please include in your response for each the attorney's hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year.

RESPONSE: Defendant objects to this request as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests the hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year with respect to each attorney in the Korea practice group from January 1, 2002 until the present. In addition, Defendant objects to this request as vague because the "Korea practice group" is an informal subdivision within Akin Gump. Notwithstanding these objections, Defendant states that the following attorneys did a substantial amount of Korean work during the requested time period: Mr. Kim, Mr. Quigley, Mr. Park, Ms. Park, Thomas C. Hubbard, James K. Lee, and Mr. Gross.

(Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories, May 14, 2007.)

Read as a group, Akin Gump appears to take the position that only Mr. Gross' compensation is at issue. To the contrary, in devising an award of back pay (and by extension liquidated damages

Christine Nicolaides Kearns, Esq.
May 14, 2007
page -3-

and front pay), a court must, "as nearly as possible, recreate the conditions and relationships that would have been, had there been no unlawful discrimination." *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 372 (1977). Consequently, an award of back pay (and liquidated damages and front pay) should be tailored to include the promotions, bonuses, and pay increases Plaintiff would have received were it not for the discrimination, based specifically on promotions and pay received by comparative employees. *See Hartman v. Wick*, 678 F. Supp. 312, 337 (D.D.C. 1988)(and citing cases). The monetary value of benefits should also be included. *Id.*

Plaintiff's theory of the case is that absent discrimination, Mr. Gross would have received salary increases, bonuses, and promotions commensurate with others at Akin Gump, and not that his position and salary would have remained frozen forever. Consequently, Plaintiff seeks identifying information, promotions information, and salary information regarding other individuals in the Senior Counsel position as well as in the Korea Practice Group.[1]

Given the importance of pay increases and promotions provided to other Akin Gump employees, Defendant's challenge on the basis of relevance is puzzling. Surely Akin Gump cannot contend that Mr. Gross' salary and position would have remained static through the present and into the future had he remained on the job. I would hope that you would agree that discovery of such information is relevant to Plaintiff's damages in this case.

Plaintiff's interrogatories are relevant for other reasons. For instance, Interrogatory No. 3 seeks identity, pay, and promotions information regarding individuals holding the Senior Counsel position at Akin Gump, the same position held by Plaintiff Gross. In this litigation, Akin Gump apparently maintains that its admission that it asserted that Mr. Gross was "too senior" for the position related not to age discrimination but instead to the purported fact that the Senior Counsel position to which Mr. Gross was hired concerned a "junior partner/senior associate" level position. (*See* AK000174, letter to EEOC.) Plaintiff's request for information concerning the identity, level of compensation, and upward mobility of employees in the Senior Counsel category is geared not only to discover information regarding damages, but is also directly relevant to whether Defendant's assertion is a true reason for its motivations or is instead a pretext for discrimination.

Similarly, Plaintiff propounded the following requests for production and received the following responses:

4.      For the period of January 1, 2000 to the present, all documents reflecting, relating, or constituting an offer letter or employment contract between a Senior Counsel position attorney and the Defendant.

---

[1]Defendant's objection that the term "Korea Practice Group" is vague is belied by its reference to an identifiable "Korea practice group" in response to Interrogatory No. 1.

Christine Nicolaides Kearns, Esq.
May 14, 2007
page -4-

    RESPONSE:  Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

    5.    For the period of January 1, 2000 to the present, all offer letters to any attorney by the Defendant that refer to a probationary period or period of reassessment.

    RESPONSE:  Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

(Defendant's Objections and Responses to Plaintiff's First Request for Production of Documents, May 14, 2007.)

    Defendant contends in response to Interrogatory No. 1 that one of the reasons for Plaintiff's termination was that "Mr. Gross was hired with the express understanding that the firm's need for him would be reassessed in one year," and further asserted to the EEOC that Mr. Gross "was hired with the express written understanding that Akin Gump's need for him would be reassessed after one year." (Response to Interrogatory No. 1; Letter to EEOC at AK000173.)  Mr. Gross propounded these document requests in order to obtain relevant data that would shed light on whether this reason for the termination was true or rather whether it was a pretext for discrimination.

    While Defendant's responses are deficient in several other respects, I think it most productive to confine this initial letter to a portion of the key information in hopes that these explanations will prompt Akin Gump to reconsider its position and to produce the requested information.  I would be glad to discuss these matters at your earliest convenience in hopes that we may come to a prompt resolution.

                    Sincerely,

                    Jonathan C. Puth

cc:    Donald G. Gross, Esq.

**WEBSTER, FREDRICKSON & BRACKSHAW**
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KATARYNA LYSON
GEOFFREY H. SIMPSON*
NATALIE L. SMITH
*ADMITTED ONLY IN MD

June 7, 2007

Christine Nicolaides Kearns, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC 20037

Re:     *Gross v. Akin Gump Strauss Hauer & Feld LLP*, 07-399 (EGS)

Dear Tina:

I have given some further thought to your comments during our telephone discussion May 30th regarding discovery, and in particular the discovery of pay and bonus, etc. information for attorneys holding the Senior Counsel title and for all attorneys, regardless of title, in the Korea Practice Group. Our position is that, had Mr. Gross not been terminated because of his age, his pay would not have remained static. Rather, Mr. Gross' pay would have increased along the lines of the pay increases accorded his Senior Counsel and/or Korean Practice Group colleagues at Akin Gump, and he would have shared in any bonuses or other compensation that were distributed.

While these issues had been the subject of my letter of May 14th and our subsequent telephone conversation two weeks later, I wanted to reiterate the importance of this discovery, particularly in light of the impending July 13, 2007 deadline for expert designations in this case. As I have shared with you, we anticipate engaging an expert on the subject of lost pay, including front pay. Any calculation of back pay and front pay should likely consider baseline data for comparison. While I understand that you have concerns regarding the confidential nature of these matters, they may be addressed through an appropriate protective order.

Thank you for your attention to these matters. Please feel free to contact me to discuss.

Sincerely,

Jonathan C. Puth

cc: Donald G. Gross, Esq.

**WEBSTER, FREDRICKSON & BRACKSHAW**
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KATARYNA L. BALDWIN
GEOFFREY H. SIMPSON*
NATALIE L. SMITH
*ADMITTED ONLY IN MD

June 27, 2007

VIA FACSIMILE AND FIRST-CLASS MAIL

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC 20037

Re:    *Gross v. Akin Gump Strauss Hauer & Feld LLP*, 07-399 (EGS)

Dear Tina and Karen,

This letter is regarding the status of certain discovery issues. It is our hope that Defendant will respond fully and completely to Plaintiff's Interrogatories and Requests for Production of Documents, so that we might attempt to resolve discovery deficiency issues without resort to the Court.

We understand that Defendant will be producing certain compensation information for attorneys holding Senior Counsel positions from January 1, 2002 to the present, as requested by Plaintiff's Interrogatory Nos. 3 and 8. However, we draw your attention to the language of Interrogatories 3 and 8. Interrogatory No. 3 asks that Defendant *identify* each person holding the title Senior Counsel, and Interrogatory No. 8 asks for the method of calculation of each component of the Senior Counsel attorneys' income. We therefore request that Defendant refrain from redacting the names of these individuals, so that Plaintiff may put the information in context and be able to refer to these attorneys by name. Plaintiff cannot conduct meaningful discovery, in depositions or otherwise, without knowing the identifies of these individuals.

You have also indicated that you will be producing the start date, termination date, and titles for attorneys in the Korea Practice Group. As outlined in our letter dated May 14, 2007, Plaintiff's Interrogatory No. 9 asks Defendant to identify each attorney in the Group, including the attorney's hire date, termination date, title, *salary* for each calendar year, and the value of any *bonus, gift, or award*. We request that Defendant fully answer the interrogatory and provide pay and bonus information for all attorneys, including partners, in the Group.

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
June 27, 2007
Page 2

Furthermore, you have indicated that you will be confirming whether any attorneys in the Korea Practice Group were criticized with respect to their analytical writing. We would like to draw your attention to the language of Plaintiff's Request Nos. 17 and 19. We understand that it is Defendant's position that Plaintiff's writing abilities and analytical abilities were deficient, presumably two different skill sets. We trust that you will be providing responsive documents to Request No. 17, seeking documents reflecting the *writing* abilities of all Korea Practice Group attorneys for the period January 1, 2002 through December 31, 2005, and Request No. 19, seeking documents reflecting the *analytical* abilities of all Korea Practice Group attorneys for the same time period.

We also ask that you produce documents without the extensive redactions undertaken by Defendant in its production to date. The redacted information is relevant, and redactions only serve to diminish the reasonable comprehension of the documents. Defendant's recent Motion to Amend its Answer is illustrative. Redacting individual identify information and referring to entities as "Company X" or "Company Y" puts Plaintiff in a serious disadvantage in gaining an understanding of the relevant facts at issue. As you are aware, the scope of discovery is broad, and the relevance at this stage of litigation is broadly construed and "given very liberal treatment." *Tequila Centinela v. Bacardi & Co.*, 2007 WL 1020785, at *4 (D.D.C. March 29, 2007). As with the names of the attorneys holding Senior Counsel positions, the names of entities are relevant to the subject matter of the lawsuit.

Finally, as a general matter, Defendant's Responses to Plaintiff's Requests for Production are deficient because they do not refer to bates numbers. Especially when Defendant has produced over 3,000 pages of documents, Plaintiff is entitled to this information in order to facilitate a "meaningful review of the requested documents." *Williams v. Taser Int'l, Inc.*, 2006 WL 1835437, at *7 (N.D. Ga. 2006); *see also Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006)(ordering party to amend discovery responses by identifying produced documents by bates number). As we indicated in our telephone conversation last Thursday, June 21, it would be more efficient for Defendant to identify the documents responsive to each request rather than forcing Plaintiff to guess or conduct depositions merely to determine the purpose of documents. We therefore once again ask that you please reference specific documents identified by bates numbers in each of Defendant's responses as soon as possible, as required under Fed. R. Civ. P. 34(b), and comply with this requirement in the future.

Please give careful consideration to the points raised by this letter and advise us whether you will be fully responding to Plaintiff's Interrogatories and Requests for Production, so that Plaintiff may save the time and expense of involving the Court and preparing a motion to compel. While we understand that you have concerns regarding the confidential nature of some of your discovery responses, the protective order will sufficiently address these concerns. Please note we are still awaiting a final draft of the proposed protective order from you.

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
June 27, 2007
Page 3

As we stated in our June 7, 2007 letter, there is an impending July 13, 2007 deadline for expert designations. We therefore request that you please supplement your discovery as soon as possible.

Thank you for your cooperation. Please do not hesitate to call us at any time to discuss the matter.

Sincerely,

*K. L. Baldwin*

Jonathan C. Puth
Kataryna L. Baldwin

cc: Donald Gross, Esq.

**Pillsbury**
**Winthrop**
**Shaw**
**Pittman** LLP

2300 N Street  NW          Tel 202.663.8000
Washington, DC  20037-1122   Fax 202.663.8007
                             www.pillsburylaw.com

June 29, 2007

Karen-Faye McTavish
Phone: 202.663.8581
karen-faye.mctavish@pillsburylaw.com

VIA FACSIMILE AND FIRST-CLASS MAIL

Jonathan C. Puth, Esq.
Kataryna L. Baldwin, Esq.
Webster, Fredrickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006

    *Re:  Gross v. Akin Gump Strauss Hauer & Feld LLP, 07-399 (EGS)*

Dear Jonathan and Kataryna:

    This letter responds to your June 27, 2007 letter regarding the status of these discovery issues.  As you know, on June 25, 2007, I sent Kataryna an email (attached hereto) following up on various discovery issues discussed during our June 22, 2007 call. As I stated in my email, Akin Gump has agreed to provide you with much of the information that you have requested.

    First, Akin Gump has agreed to supplement its Interrogatory Responses to provide Plaintiff with Senior Counsel compensation information for Senior Counsel hired from January 1, 2003 to the present.  Defendant anticipates that it will be able to provide this information to Plaintiff early next week.  Akin Gump will not be producing the names of all of its Senior Counsel in connection with this compensation information.  Such highly confidential information is, among other things, not reasonably calculated to lead to the discovery of admissible evidence in this case.  Plaintiff has yet to articulate any basis whatsoever as to why he needs the names of these individuals in connection with their salaries to discover any relevant information in this case.

    Second, Akin Gump has agreed to supplement its Interrogatory Responses to identify each attorney in the Korea Practice Group, including the attorney's hire date, termination date, and titles held during the relevant period.  In addition, Akin Gump has agreed to supplement its Interrogatory Responses to identify the salary and bonus information for each non-partner attorney in the Korea Practice Group during the relevant period.  Akin Gump will not be producing the salary or other compensation information

Jonathan C. Puth, Esq.
Kataryna L. Baldwin, Esq.
June 29, 2007
Page 2

for partners in the Korea Practice Group because, among other reason, such information is not reasonably calculated to lead to the discovery of admissible evidence in this case. Mr. Gross was not a partner at Akin Gump, nor was Mr. Gross on any sort of partnership track during his approximately one year tenure at Akin Gump. As we have already informed you, just two out of the 45 Senior Counsel hired after January 1, 2003 have made partner at Akin Gump. We have agreed to provide you with a verified Interrogatory response to that effect. Although we understand that you intend to argue that Mr. Gross would have been made a partner at Akin Gump, this is nothing more than gross speculation. We will not agree to this.

Third, as noted in Defendant's objections to Plaintiff's Document Requests Nos. 17 and 19, Plaintiff's request for all documents "reflecting the writing abilities" and "reflecting the analytical abilities" of the Korea Practice Group attorneys is ridiculously overbroad. In order to respond to these requests, Defendant would need to produce everything that these attorneys wrote for the entire period requested. Defendant agreed to investigate, and subsequently has investigated, whether there is any documentation regarding concerns being raised about the writing and/or analytical abilities of any attorneys other than Mr. Gross in the Korea Practice Group during the relevant time period. There is no such documentation and Defendant will provide a sworn interrogatory to that effect.

Fourth, Defendant has redacted its clients' identifying information from the documents that it has produced to protect its clients' attorney-client privilege. This is wholly appropriate, and does not prejudice Plaintiff in any way. Defendant does not see any reason why client identifying information is necessary, or at all helpful even, in Mr. Gross's effort to prove his claim of age discrimination. Plaintiff has not provided any such reason. With respect to Defendant's Motion to Amend Answer and File Counterclaims (the "Motion"), referenced in your letter, Defendant hopes that Mr. Gross did not, while an employee of Akin Gump, encourage so many Akin Gump prospective clients not to retain Akin Gump's services that he is unable to identify those referenced in the Motion.

Finally, Defendant has produced approximately two standard litigation boxes worth of documents. This is hardly a situation where Plaintiff is unable to meaningfully review the documents without assistance from Defendant. In addition, contrary to your assertion that Fed. R. Civ. P. 34(b) requires Defendant to "reference specific documents identified by bates numbers in each of Defendant's responses," there is no such requirement. Rule 34(b)(i) states that:

Jonathan C. Puth, Esq.
Kataryna L. Baldwin, Esq.
June 29, 2007
Page 3

> [A] party who produces documents for inspection shall produce
> them as they are kept in the usual course of business _or_ shall
> organize and label them to correspond with the categories in the
> request.

Id. (emphasis added).

The vast majority of the documents that Defendant produced are electronic mail.
These were produced to you, as required by the Federal Rules, as kept in the usual course
of business (in chronological order per custodian). In addition, these emails speak for
themselves, and Defendant honestly does not understand what Plaintiff feels that he is left
guessing about. For example, if an email comments on Mr. Gross's written work, it is
obviously responsive to Plaintiff's request for documents reflecting Mr. Gross's writing
skills. Many of these emails are responsive to numerous requests. It is simply no more
efficient for Defendant to place these documents into various categories than it would be
for Plaintiff. Defendant is not required to do so under the Federal Rules.

Hopefully this addresses your concerns raised in your June 27, 2007 letter. As
you know, Defendant has made every effort to come to a reasonable resolution of these
issues with Plaintiff, and has made numerous concessions in order to accommodate
Plaintiff's stated needs. If, despite these concessions and the arguments laid out above,
Plaintiff intends to file a motion to compel with respect to any of these issues, Defendant
kindly requests that a copy of this letter and attachment be attached to any such motion.

Sincerely yours,

Karen-Faye McTavish

Karen-Faye McTavish

**McTavish, Karen-Faye**

**From:**                  McTavish, Karen-Faye
**Sent:**                   Monday, June 25, 2007 5:05 PM
**To:**                       'Kataryna Lyson'
**Cc:**                       Kearns, Christine N.
**Subject:**              Additional Discovery Information

Kataryna:

I wanted to give you a status update on open issues from our call last Friday, June 22, 2007:

1)      We will be producing compensation information for individuals in the Senior counsel position from January 1, 2003 through the present (without the names of these individuals).

2)      To the extent not already produced, we will be producing the start date, termination date, and all titles held for individuals in the Korea Practice Group from January 1, 2003 through the present.

3)      We are in the process of confirming whether David Park received any bonuses at Akin Gump prior to making partner. We will get back to you on this issue.

4)      We have confirmed that Mr. Lee was a partner.

5)      We are confirming one way or the other whether anyone in the Korea Practice Group (during the relevant time period) was criticized with respect to their analytical writing.

Please confirm that you have received this email.

Thank you.

Karen

**Karen-Faye McTavish | Pillsbury Winthrop Shaw Pittman LLP**

Tel: 202.663.8581 | Fax: 202.663.8007
2300 N Street, NW | Washington, DC 20037-1122

Email: karen-faye.mctavish@pillsburylaw.com
Bio: www.pillsburylaw.com/karen-faye.mctavish
www.pillsburylaw.com