IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS, <br><br> Plaintiff, <br><br> v. <br><br> AKIN GUMP STRAUSS HAUER & FELD LLP, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 1:07CV00399 (ES) ) ) ) ) ) ) |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), by counsel and pursuant to Federal Rule of Civil Procedure 33, hereby submits its objections and responses to Plaintiff Donald G. Gross's Interrogatories.

**1.     GENERAL OBJECTIONS**

In addition to the objections specifically asserted below, Akin Gump asserts the following general objections, which are applicable to all of the interrogatories:

A.     By producing documents or supplying other information responsive to these interrogatories, Akin Gump does not concede, and reserves all objections with respect to the relevance, materiality or admissibility of such documents or information.

B.     Akin Gump objects to these interrogatories to the extent that they purport to require the disclosure of communications, documents or information prepared in anticipation of litigation or protected by the work product doctrine or subject to a claim of privilege, including,

## 2. SPECIFIC OBJECTIONS

Akin Gump specifically incorporates all of the aforementioned general objections into the following specific objections.

### INTERROGATORIES

**INTERROGATORY No. 1:** *State with particularity and in detail each and every reason for the termination of Donald Gross's employment with Akin Gump and identify all documents related thereto.*

RESPONSE: Defendant objects to this request as overbroad and unduly burdensome to the extent that it requests that Defendant identify all documents related to the reasons for Mr. Gross's termination. Notwithstanding this object, Defendant provides the following response: Mr. Gross was hired with the express understanding that the firm's need for him would be reassessed in one year. Accordingly, the firm assessed its need for Mr. Gross, and his employment was terminated for his inadequate performance and contributions. Mr. Gross's work on, among other things, policy memoranda in connection with a sophisticated special project for an Akin Gump client (a project he was hired to complete), was not usable. Although the written work was not deficient with respect to grammar or other technical writing skills, it lacked organization and rigorous analytical thought, and required redrafting by others. David Park, who was an Akin Gump associate at the time, and is currently an Akin Gump partner, in particular, was tasked with revising Mr. Gross's written material, and eventually found himself rewriting virtually all of the special-project-related assignments completed by Mr. Gross. Michael Quigley, a former Akin Gump partner, also rewrote one of Mr. Gross's memoranda from scratch. After a few months, Sukhan Kim, an Akin Gump partner, stopped giving Mr.

Gross substantive writing assignments, because Mr. Gross had proven unable to draft them in a satisfactory manner. At that point, Mr. Kim turned the special project that Mr. Gross had been hired to complete over to Mr. Quigley and Mr. Park.

In addition, Mr. Gross was hired to add structure to the Korea practice group. That structure never materialized. Finally, Mr. Gross had represented that he would be able to build Akin Gump's Korea practice through his client contacts in Korea. Unfortunately, Mr. Gross had no success there either.

**INTERROGATORY No. 2:** *Identify each and every person with knowledge of the reason(s) why Donald Gross's employment was terminated and describe the substance of what each such person knows.*

RESPONSE: Mr. Kim; Mr. Quigley; Mr. Park; Jaemin Park, former Akin Gump partner; D. Michael Kaye, former Akin Gump partner; and R. Bruce McLean, Akin Gump partner and Chairman, have such information as discussed above in Defendant's response to Interrogatory No. 1.

**INTERROGATORY No. 3:** *Identify each and every person at Akin Gump from January 1, 2002 until the present who at any time during his or her tenure held the title "Senior Counsel." For each person so identified, please state the date the person was hired, the date his or her tenure with Akin Gump ended, all titles (such as Senior Counsel, Of Counsel, Partner, etc.) held by the person, and the dates any such title(s) were held.*

Notwithstanding these objections, Defendant states that no claims of age discrimination have ever been made against any of the individuals named in Plaintiff's Complaint; by anyone in Akin Gump's Washington D.C. office; or by any attorney of the firm.

**INTERROGATORY No. 6:** *Identify and describe each custom, policy and practice created or used by Akin Gump to prohibit workplace discrimination and identify each document that reflects or relates to such custom, policy or practice.*

RESPONSE: Please see AK 000129-AK 000131.

**INTERROGATORY No. 7:** *Identify each witness whom you intend to call at trial in this matter.*

RESPONSE: Defendant objects to this request as premature. Defendant will provide this information in accordance with the applicable federal and local rules, and/or any Orders issued by the Court in this matter.

**INTERROGATORY No. 8:** *For the time period of January 1, 2002 to the present, state the value and method of calculation of each component of income, expense, benefit, or reimbursement provided to or available to each person holding the Senior Counsel position, including but not limited to those available or provided to Plaintiff, and the amounts paid or available to each Senior Counsel on an annual basis.*

RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonable calculated to lead to the discovery of admissible evidence in this case to the extent it requests information relating to individuals other than Mr. Gross. Defendant directs Plaintiff to Mr. Gross's personnel file (AK 000001-AK 000079), W2

tax forms (AK000080-AK 000081), and Akin Gump's Summary of Benefits Senior Counsel, Counsel, Associates, Senior Attorneys and Staff Attorneys (AK 000164- AK 000172), for information relating to his income and benefits.

**INTERROGATORY No. 9:** *For the time period January 1, 2002 until the present, identify each attorney in the Korea Practice Group. Please include in your response for each the attorney's hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year.*

RESPONSE: Defendant objects to this request as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests the hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year with respect to each attorney in the Korea practice group from January 1, 2002 until the present. In addition, Defendant objects to this request as vague because the "Korea practice group" is an informal subdivision within Akin Gump. Notwithstanding these objections, Defendant states that the following attorneys did a substantial amount of Korean work during the requested time period: Mr. Kim, Mr. Quigley, Mr. Park, Ms. Park, Thomas C. Hubbard, James K. Lee, and Mr. Gross.

**INTERROGATORY No.10:** *For each interrogatory, separately, identify each person who prepared or assisted in preparation of the response, and state how that person assisted in the preparation of each response.*

RESPONSE: Undersigned attorneys prepared these interrogatories with the assistance of in-house counsel, Julie Stumpe Dressing, Esq., Chief Human Resources Officer & Human Resources Counsel at Akin Gump.

DATED: May 14, 2007                           Respectfully submitted,

*/s/ Christine N. Kearns*
Christine N. Kearns
Karen-Faye McTavish
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, DC 20037
Telephone: (202) 663-8000

Counsel for Defendant

400570058v1

Signed as to answers:

_Akin Gump Strauss Hauer & Feld LLP_
Akin Gump Strauss Hauer & Feld, LLP
By: _Julie Stenge Dressing_
_Chief HR Officer / HR Counsel_
Date: _May 11, 2007_

400570058v1