**WEBSTER, FREDRICKSON & BRACKSHAW**
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER                                                CEDAR P. CARLTON
BRUCE A. FREDRICKSON                                              KATARYNA LYSON
SUSAN L. BRACKSHAW                                                GEOFFREY H. SIMPSON+
LINDA M. CORREIA                                                  NATALIE L. SMITH
JONATHAN C. PUTH                                                  +ADMITTED ONLY IN MD

May 14, 2007

**BY FACSIMILE AND BY MAIL**
**(202) 663-8007 (4 pages)**

Christine Nicolaides Kearns, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC 20037

    Re: *Gross v. Akin Gump Strauss Hauer & Feld LLP*, 07-399 (EGS)

Dear Tina:

  I write in response to Akin Gump's Responses to Plaintiff's First Set of Interrogatories served this afternoon. While there are a number of issues to address, I thought it would be helpful to get back to you right away concerning certain responses in hopes that we might speed along some important aspects of discovery.

  A number of Plaintiff Gross' interrogatories and document requests seek information concerning damages, and particularly information that would provide a basis from which to calculate Mr. Gross' damages in this matter. As you know, Mr. Gross began work July 7. 2003 at a rate of $250,000 per year and was terminated effective October 31, 2004. In this case, Mr. Gross seeks to recover back pay, front pay, and liquidated damages, not at a static rate of $250,000 per year but instead at a rate reflecting the pay raises, bonuses, and other payments he would have received were it not for the discrimination, amounts to be established by reference to comparable Akin Gump employees.

  For instance, Plaintiff propounded the following Interrogatories, to which Defendant provided the following responses:

  Interrogatory No. 3: Identify each and every person at Akin Gump from January 1, 2002 until the present who at any time during his or her tenure held the title "Senior Counsel." For each person so identified, please state the date the person was hired, the date his or her tenure with Akin Gump ended, all titles (such as Senior Counsel,

Christine Nicolaides Kearns, Esq.
May 14, 2007
page -2-

Of Counsel, Partner, etc.) held by the person, and the dates any such title(s) were held.

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

Interrogatory No. 8: For the time period of January 1, 2002 to the present, state the value and method of calculation of each component of income, expense, benefit, or reimbursement provided to or available to each person holding the Senior Counsel position, including but not limited to those available or provided to Plaintiff, and the amounts paid or available to each Senior Counsel on an annual basis.

RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests information relating to individuals other than Mr. Gross. Defendant directs Plaintiff to Mr. Gross's personnel file (AK 000001-AK000079), W2 tax forms (AK000080-AK 000081), and Akin Gump's Summary of Benefits Senior Counsel, Counsel, Associates, Senior Attorneys and Staff Attorneys (AK 000164- AK 000172), for information relating to his income and benefits.

Interrogatory No. 9: For the time period January 1, 2002 until the present, identify each attorney in the Korea Practice Group. Please include in your response for each the attorney's hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year.

RESPONSE: Defendant objects to this request as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests the hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year with respect to each attorney in the Korea practice group from January 1, 2002 until the present. In addition, Defendant objects to this request as vague because the "Korea practice group" is an informal subdivision within Akin Gump. Notwithstanding these objections, Defendant states that the following attorneys did a substantial amount of Korean work during the requested time period: Mr. Kim, Mr. Quigley, Mr. Park, Ms. Park, Thomas C. Hubbard, James K. Lee, and Mr. Gross.

(Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories, May 14, 2007.)

Read as a group, Akin Gump appears to take the position that only Mr. Gross' compensation is at issue. To the contrary, in devising an award of back pay (and by extension liquidated damages

Christine Nicolaides Kearns, Esq.
May 14, 2007
page -3-

and front pay), a court must, "as nearly as possible, recreate the conditions and relationships that would have been, had there been no unlawful discrimination." *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 372 (1977). Consequently, an award of back pay (and liquidated damages and front pay) should be tailored to include the promotions, bonuses, and pay increases Plaintiff would have received were it not for the discrimination, based specifically on promotions and pay received by comparative employees. *See Hartman v. Wick*, 678 F. Supp. 312, 337 (D.D.C. 1988)(and citing cases). The monetary value of benefits should also be included. *Id*.

Plaintiff's theory of the case is that absent discrimination, Mr. Gross would have received salary increases, bonuses, and promotions commensurate with others at Akin Gump, and not that his position and salary would have remained frozen forever. Consequently, Plaintiff seeks identifying information, promotions information, and salary information regarding other individuals in the Senior Counsel position as well as in the Korea Practice Group.[1]

Given the importance of pay increases and promotions provided to other Akin Gump employees, Defendant's challenge on the basis of relevance is puzzling. Surely Akin Gump cannot contend that Mr. Gross' salary and position would have remained static through the present and into the future had he remained on the job. I would hope that you would agree that discovery of such information is relevant to Plaintiff's damages in this case.

Plaintiff's interrogatories are relevant for other reasons. For instance, Interrogatory No. 3 seeks identity, pay, and promotions information regarding individuals holding the Senior Counsel position at Akin Gump, the same position held by Plaintiff Gross. In this litigation, Akin Gump apparently maintains that its admission that it asserted that Mr. Gross was "too senior" for the position related not to age discrimination but instead to the purported fact that the Senior Counsel position to which Mr. Gross was hired concerned a "junior partner/senior associate" level position. (*See* AK000174, letter to EEOC.) Plaintiff's request for information concerning the identity, level of compensation, and upward mobility of employees in the Senior Counsel category is geared not only to discover information regarding damages, but is also directly relevant to whether Defendant's assertion is a true reason for its motivations or is instead a pretext for discrimination.

Similarly, Plaintiff propounded the following requests for production and received the following responses:

4. For the period of January 1, 2000 to the present, all documents reflecting, relating, or constituting an offer letter or employment contract between a Senior Counsel position attorney and the Defendant.

---

[1] Defendant's objection that the term "Korea Practice Group" is vague is belied by its reference to an identifiable "Korea practice group" in response to Interrogatory No. 1.

Christine Nicolaides Kearns, Esq.
May 14, 2007
page -4-

> RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

> 5.   For the period of January 1, 2000 to the present, all offer letters to any attorney by the Defendant that refer to a probationary period or period of reassessment.

> RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

(Defendant's Objections and Responses to Plaintiff's First Request for Production of Documents, May 14, 2007.)

Defendant contends in response to Interrogatory No. 1 that one of the reasons for Plaintiff's termination was that "Mr. Gross was hired with the express understanding that the firm's need for him would be reassessed in one year," and further asserted to the EEOC that Mr. Gross "was hired with the express written understanding that Akin Gump's need for him would be reassessed after one year." (Response to Interrogatory No. 1; Letter to EEOC at AK000173.) Mr. Gross propounded these document requests in order to obtain relevant data that would shed light on whether this reason for the termination was true or rather whether it was a pretext for discrimination.

While Defendant's responses are deficient in several other respects, I think it most productive to confine this initial letter to a portion of the key information in hopes that these explanations will prompt Akin Gump to reconsider its position and to produce the requested information. I would be glad to discuss these matters at your earliest convenience in hopes that we may come to a prompt resolution.

Sincerely,

Jonathan C. Puth

cc:   Donald G. Gross, Esq.