**WEBSTER, FREDRICKSON & BRACKSHAW**
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KATARYNA L. BALDWIN
GEOFFREY H. SIMPSON[+]
NATALIE L. SMITH
[+]ADMITTED ONLY IN MD

June 27, 2007

<u>VIA FACSIMILE AND FIRST-CLASS MAIL</u>

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC 20037

   Re: *Gross v. Akin Gump Strauss Hauer & Feld LLP*, 07-399 (EGS)

Dear Tina and Karen,

  This letter is regarding the status of certain discovery issues. It is our hope that Defendant will respond fully and completely to Plaintiff's Interrogatories and Requests for Production of Documents, so that we might attempt to resolve discovery deficiency issues without resort to the Court.

  We understand that Defendant will be producing certain compensation information for attorneys holding Senior Counsel positions from January 1, 2002 to the present, as requested by Plaintiff's Interrogatory Nos. 3 and 8. However, we draw your attention to the language of Interrogatories 3 and 8. Interrogatory No. 3 asks that Defendant *identify* each person holding the title Senior Counsel, and Interrogatory No. 8 asks for the method of calculation of each component of the Senior Counsel attorneys' income. We therefore request that Defendant refrain from redacting the names of these individuals, so that Plaintiff may put the information in context and be able to refer to these attorneys by name. Plaintiff cannot conduct meaningful discovery, in depositions or otherwise, without knowing the identifies of these individuals.

  You have also indicated that you will be producing the start date, termination date, and titles for attorneys in the Korea Practice Group. As outlined in our letter dated May 14, 2007, Plaintiff's Interrogatory No. 9 asks Defendant to identify each attorney in the Group, including the attorney's hire date, termination date, title, *salary* for each calendar year, and the value of any *bonus, gift, or award*. We request that Defendant fully answer the interrogatory and provide pay and bonus information for all attorneys, including partners, in the Group.

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
June 27, 2007
Page 2

  Furthermore, you have indicated that you will be confirming whether any attorneys in the Korea Practice Group were criticized with respect to their analytical writing. We would like to draw your attention to the language of Plaintiff's Request Nos. 17 and 19. We understand that it is Defendant's position that Plaintiff's writing abilities and analytical abilities were deficient, presumably two different skill sets. We trust that you will be providing responsive documents to Request No. 17, seeking documents reflecting the *writing* abilities of all Korea Practice Group attorneys for the period January 1, 2002 through December 31, 2005, and Request No. 19, seeking documents reflecting the *analytical* abilities of all Korea Practice Group attorneys for the same time period.

  We also ask that you produce documents without the extensive redactions undertaken by Defendant in its production to date. The redacted information is relevant, and redactions only serve to diminish the reasonable comprehension of the documents. Defendant's recent Motion to Amend its Answer is illustrative. Redacting individual identify information and referring to entities as "Company X" or "Company Y" puts Plaintiff in a serious disadvantage in gaining an understanding of the relevant facts at issue. As you are aware, the scope of discovery is broad, and the relevance at this stage of litigation is broadly construed and "given very liberal treatment." *Tequila Centinela v. Bacardi & Co.*, 2007 WL 1020785, at *4 (D.D.C. March 29, 2007). As with the names of the attorneys holding Senior Counsel positions, the names of entities are relevant to the subject matter of the lawsuit.

  Finally, as a general matter, Defendant's Responses to Plaintiff's Requests for Production are deficient because they do not refer to bates numbers. Especially when Defendant has produced over 3,000 pages of documents, Plaintiff is entitled to this information in order to facilitate a "meaningful review of the requested documents." *Williams v. Taser Int'l, Inc.*, 2006 WL 1835437, at *7 (N.D. Ga. 2006); *see also Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006)(ordering party to amend discovery responses by identifying produced documents by bates number). As we indicated in our telephone conversation last Thursday, June 21, it would be more efficient for Defendant to identify the documents responsive to each request rather than forcing Plaintiff to guess or conduct depositions merely to determine the purpose of documents. We therefore once again ask that you please reference specific documents identified by bates numbers in each of Defendant's responses as soon as possible, as required under Fed. R. Civ. P. 34(b), and comply with this requirement in the future.

  Please give careful consideration to the points raised by this letter and advise us whether you will be fully responding to Plaintiff's Interrogatories and Requests for Production, so that Plaintiff may save the time and expense of involving the Court and preparing a motion to compel. While we understand that you have concerns regarding the confidential nature of some of your discovery responses, the protective order will sufficiently address these concerns. Please note we are still awaiting a final draft of the proposed protective order from you.

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
June 27, 2007
Page 3

  As we stated in our June 7, 2007 letter, there is an impending July 13, 2007 deadline for expert designations. We therefore request that you please supplement your discovery as soon as possible.

  Thank you for your cooperation. Please do not hesitate to call us at any time to discuss the matter.

Sincerely,

*K. L. Baldwin*

Jonathan C. Puth
Kataryna L. Baldwin

cc: Donald Gross, Esq.