# Pillsbury
Winthrop
Shaw
Pittman LLP

2300 N Street  NW          Tel 202.663.8000
Washington, DC  20037-1122   Fax 202.663.8007
                             www.pillsburylaw.com

June 29, 2007

Karen-Faye McTavish
Phone: 202.663.8581
karen-faye.mctavish@pillsburylaw.com

<u>VIA FACSIMILE AND FIRST-CLASS MAIL</u>

Jonathan C. Puth, Esq.
Kataryna L. Baldwin, Esq.
Webster, Fredrickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006

Re:  *Gross v. Akin Gump Strauss Hauer & Feld LLP, 07-399 (EGS)*

Dear Jonathan and Kataryna:

This letter responds to your June 27, 2007 letter regarding the status of these discovery issues. As you know, on June 25, 2007, I sent Kataryna an email (attached hereto) following up on various discovery issues discussed during our June 22, 2007 call. As I stated in my email, Akin Gump has agreed to provide you with much of the information that you have requested.

First, Akin Gump has agreed to supplement its Interrogatory Responses to provide Plaintiff with Senior Counsel compensation information for Senior Counsel hired from January 1, 2003 to the present. Defendant anticipates that it will be able to provide this information to Plaintiff early next week. Akin Gump will not be producing the names of all of its Senior Counsel in connection with this compensation information. Such highly confidential information is, among other things, not reasonably calculated to lead to the discovery of admissible evidence in this case. Plaintiff has yet to articulate any basis whatsoever as to why he needs the names of these individuals in connection with their salaries to discover any relevant information in this case.

Second, Akin Gump has agreed to supplement its Interrogatory Responses to identify each attorney in the Korea Practice Group, including the attorney's hire date, termination date, and titles held during the relevant period. In addition, Akin Gump has agreed to supplement its Interrogatory Responses to identify the salary and bonus information for each non-partner attorney in the Korea Practice Group during the relevant period. Akin Gump will not be producing the salary or other compensation information

Dockets.Justia.com

Jonathan C. Puth, Esq.
Kataryna L. Baldwin, Esq.
June 29, 2007
Page 2


for partners in the Korea Practice Group because, among other reason, such information is not reasonably calculated to lead to the discovery of admissible evidence in this case. Mr. Gross was not a partner at Akin Gump, nor was Mr. Gross on any sort of partnership track during his approximately one year tenure at Akin Gump. As we have already informed you, just two out of the 45 Senior Counsel hired after January 1, 2003 have made partner at Akin Gump. We have agreed to provide you with a verified Interrogatory response to that effect. Although we understand that you intend to argue that Mr. Gross would have been made a partner at Akin Gump, this is nothing more than gross speculation. We will not agree to this.

Third, as noted in Defendant's objections to Plaintiff's Document Requests Nos. 17 and 19, Plaintiff's request for all documents "reflecting the writing abilities" and "reflecting the analytical abilities" of the Korea Practice Group attorneys is ridiculously overbroad. In order to respond to these requests, Defendant would need to produce everything that these attorneys wrote for the entire period requested. Defendant agreed to investigate, and subsequently has investigated, whether there is any documentation regarding concerns being raised about the writing and/or analytical abilities of any attorneys other than Mr. Gross in the Korea Practice Group during the relevant time period. There is no such documentation and Defendant will provide a sworn interrogatory to that effect.

Fourth, Defendant has redacted its clients' identifying information from the documents that it has produced to protect its clients' attorney-client privilege. This is wholly appropriate, and does not prejudice Plaintiff in any way. Defendant does not see any reason why client identifying information is necessary, or at all helpful even, in Mr. Gross's effort to prove his claim of age discrimination. Plaintiff has not provided any such reason. With respect to Defendant's Motion to Amend Answer and File Counterclaims (the "Motion"), referenced in your letter, Defendant hopes that Mr. Gross did not, while an employee of Akin Gump, encourage so many Akin Gump prospective clients not to retain Akin Gump's services that he is unable to identify those referenced in the Motion.

Finally, Defendant has produced approximately two standard litigation boxes worth of documents. This is hardly a situation where Plaintiff is unable to meaningfully review the documents without assistance from Defendant. In addition, contrary to your assertion that Fed. R. Civ. P. 34(b) requires Defendant to "reference specific documents identified by bates numbers in each of Defendant's responses," there is no such requirement. Rule 34(b)(i) states that:

Jonathan C. Puth, Esq.
Kataryna L. Baldwin, Esq.
June 29, 2007
Page 3

> [A] party who produces documents for inspection shall produce
> them as they are kept in the usual course of business _or_ shall
> organize and label them to correspond with the categories in the
> request.

Id. (emphasis added).

The vast majority of the documents that Defendant produced are electronic mail. These were produced to you, as required by the Federal Rules, as kept in the usual course of business (in chronological order per custodian). In addition, these emails speak for themselves, and Defendant honestly does not understand what Plaintiff feels that he is left guessing about. For example, if an email comments on Mr. Gross's written work, it is obviously responsive to Plaintiff's request for documents reflecting Mr. Gross's writing skills. Many of these emails are responsive to numerous requests. It is simply no more efficient for Defendant to place these documents into various categories than it would be for Plaintiff. Defendant is not required to do so under the Federal Rules.

Hopefully this addresses your concerns raised in your June 27, 2007 letter. As you know, Defendant has made every effort to come to a reasonable resolution of these issues with Plaintiff, and has made numerous concessions in order to accommodate Plaintiff's stated needs. If, despite these concessions and the arguments laid out above, Plaintiff intends to file a motion to compel with respect to any of these issues, Defendant kindly requests that a copy of this letter and attachment be attached to any such motion.

Sincerely yours,

Karen-Faye McTavish

**McTavish, Karen-Faye**

| | |
|---|---|
| **From:** | McTavish, Karen-Faye |
| **Sent:** | Monday, June 25, 2007 5:05 PM |
| **To:** | 'Kataryna Lyson' |
| **Cc:** | Kearns, Christine N. |
| **Subject:** | Additional Discovery Information |

Kataryna:

I wanted to give you a status update on open issues from our call last Friday, June 22, 2007:

1) We will be producing compensation information for individuals in the Senior counsel position from January 1, 2003 through the present (without the names of these individuals).

2) To the extent not already produced, we will be producing the start date, termination date, and all titles held for individuals in the Korea Practice Group from January 1, 2003 through the present.

3) We are in the process of confirming whether David Park received any bonuses at Akin Gump prior to making partner. We will get back to you on this issue.

4) We have confirmed that Mr. Lee was a partner.

5) We are confirming one way or the other whether anyone in the Korea Practice Group (during the relevant time period) was criticized with respect to their analytical writing.

Please confirm that you have received this email.

Thank you.

Karen

**Karen-Faye McTavish | Pillsbury Winthrop Shaw Pittman LLP**

Tel: 202.663.8581 | Fax: 202.663.8007
2300 N Street, NW | Washington, DC 20037-1122

Email: karen-faye.mctavish@pillsburylaw.com
Bio: www.pillsburylaw.com/karen-faye.mctavish
www.pillsburylaw.com