UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AKIN GUMP STRAUSS HAUER & FELD LLP )<br>)<br>Defendant. )<br>) | Civil Action No. 07-399 (EGS) |

**STIPULATED PROTECTIVE ORDER**

This case involves allegations of violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et. seq.* Pursuant to their discovery obligations, the parties contemplate the exchange of documents or other information containing personal, sensitive, and other information that may reveal private and confidential business, personal, or medical information pertaining to Plaintiff, Defendant, Defendant's clients, or Defendant's employees, the confidentiality of which the parties wish to protect. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED,** that this Order shall govern the production and use of any records, documents and/or information that intrude upon the privacy or confidentiality interests of Plaintiff, Defendant, Defendant's clients, or Defendant's employees and that is marked or otherwise designated as "Confidential" by the party producing the information ("Confidential Information").

1.      Plaintiff, Defendant, and their attorneys shall utilize Confidential Information solely in accordance with the provisions of this Order. Other than as provided herein, Confidential Information may not be disclosed to any person.

2.      Plaintiff, Defendant, or their attorneys may disclose Confidential Information only to paralegal, clerical, support, and secretarial staff employed by their attorneys, or to any

person who is expressly retained by Plaintiff, Defendant, or their attorneys in this action to render assistance in the preparation of the case as a consulting or testifying expert.

3. Prior to the release or disclosure of Confidential Information to any of the individuals covered by Paragraph 2, counsel shall ensure that the individual has been apprised of the confidential nature of the material produced, of the existence of this Protective Order, and that the Court has the power to enforce the Protective Order. Each person to whom any Confidential Information is disclosed or released shall maintain the material in a safe and secure location. In addition, to the extent a party discloses Confidential Information to a consulting or testifying expert, that expert shall confirm in writing that he or she shall abide by the terms of this Order.

4. Nothing in this Order shall limit the right of the parties to use Confidential Information at deposition or in connection with motions filed in court, as long as the Confidential Information is used only as permitted by this Order, including, but not limited to as set forth in paragraph 3.

5. Nothing in this Order shall limit or enlarge the Defendant's right to assert any applicable privileges or protections on behalf of its clients.

6. Nothing in this Order relieves the parties of the obligation to redact documents as appropriate to allow for public filing in order to avoid the burden and expense of filing documents under seal. The parties agree to confer in advance of any such filing to reach agreement on the need and manner of filing particular Confidential Information as needed. To the extent the parties cannot reach agreement, documents marked Confidential shall be filed under seal.

7. This Order is without prejudice to either party making a motion in limine to exclude certain evidence at trial if there are reasonable grounds to do so, or to request an order from the Court addressing the use of particular Confidential Information at trial.

8. Within 60 days of the termination of this action, including all appeals, whether by decision, settlement, lapse of time or otherwise, Plaintiff, Defendant, and their attorneys will

400594684v1

return to respective opposing counsel all copies of all documents containing any Confidential Information or certify that all copies of Confidential Information have been destroyed. Defendant's counsel will retain a complete set of all documents produced in this matter for a period of five years following the termination of this action.

Dated: July _ 2007                                              Respectfully Submitted,


_____          _____
Jonathan C. Puth, # 439241                      Christine N. Kearns, # 416339
Webster, Fredrickson & Brackshaw        Pillsbury Winthrop Shaw Pittman LLP
1775 K Street, N.W., Suite 600              2300 N St., N.W.
Washington, DC 20006                        Washington, DC 20037
(202) 659-8510                                      (202) 663-8000
Counsel for Plaintiff                              Counsel for Defendant


IT IS HEREBY ORDERED:


Dated:                                                              _____
                                                                        THE HONORABLE EMMIT G. SULLIVAN

3