IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-399 (EGS/JMF) |
| v. ) | |
| ) | |
| AKIN GUMP STRAUSS HAUER & FELD LLP ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

COMES NOW the Plaintiff, Donald G. Gross ("Plaintiff"), by and through his attorneys, and pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure hereby moves this Honorable Court for an order compelling Defendant Akin Gump Strauss Hauer & Feld LLP ("Defendant" or "Akin Gump") to respond to Plaintiff's single interrogatory seeking explanatory information regarding its discovery responses. Plaintiff brings this Motion after engaging in a good faith effort to resolve this discovery dispute. Defendant has refused to answer Plaintiff's interrogatory seeking the above information, and refused to offer any response to the interrogatory beyond its objections, thus rendering a motion to compel necessary.

WHEREFORE, Plaintiff respectfully requests that this Court grant his Second Motion to Compel Discovery and order Defendant to fully answer Plaintiff's interrogatory, and to allow for any further discovery as necessary.

Plaintiff's Motion is supported by good and substantial authority in the attached Memorandum of Points and Authorities.

                Respectfully Submitted,

                WEBSTER, FREDRICKSON, HENRICHSEN, CORREIA & PUTH, P.L.L.C.

                  /s/  *Jonathan C. Puth*
                Jonathan C. Puth  #439241
                Kataryna L. Baldwin  #494439
                1775 K Street, N.W.
                Suite 600
                Washington, D.C.  20006
                (202) 659-8510

                Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DONALD G. GROSS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-399 (EGS/JMF) |
| v. | ) | |
| | ) | |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

Plaintiff Donald G. Gross ("Plaintiff") files this Motion to Compel after attempts to resolve informally the refusal by Defendant Akin Gump Strauss Hauer & Feld LLP ("Defendant" or "Akin Gump") to respond to a single interrogatory seeking further explanation regarding its discovery responses. In response to earlier discovery requests, Defendant produced an undifferentiated mass of over 3,300 pages of documents without revealing the discovery request to which each document was responsive. Notwithstanding the existence of a protective order for the treatment of confidential information in this case, Defendant also heavily redacted documents by subject matter, content, and identity of relevant individuals and entities.[1] Because the manner of production deprived Plaintiff of a full opportunity to meaningfully review the discovery, he served the following additional interrogatory, to which Defendant provided the following response:

> Interrogatory No. 1: For each document produced in response to Plaintiff's Requests for Production of Documents, please identify by bates number the discovery request(s) to which each document corresponds.

---

[1] Plaintiff requested that the Court compel Defendant to produce unredacted documents in his first Motion to Compel Discovery, filed July 3, 2007.

>RESPONSE: Defendant objects to this request as overbroad and unduly burdensome and because it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

(*See* Ex. 1, Defendant's Objections and Responses to Plaintiff's Second Set of Interrogatories, served July 13, 2007.)

Defendant offers no objection to the relevance of the interrogatory, but instead offers just two objections: first, that the interrogatory is overbroad, and second, that it is unduly burdensome. Because Defendant offers no evidence of overbreadth and burdensomeness, however, and because the interrogatory is neither overbroad nor unduly burdensome, Defendant's objections should be rejected and a complete response should be compelled.

**I.    The Court Should Compel Defendant to Answer Plaintiff's Interrogatory.**

"A party opposing discovery bears the burden of showing why discovery should be denied." *Ellsworth Assocs., Inc. v. United States*, 917 F.Supp. 841, 844 (D.D.C. 1996)). In cases where, as here, Defendant resists discovery on claims of overbreadth or burdensomeness, the objecting party must make a specific and detailed showing through affidavits or offer evidence that reveals the precise nature of the burden. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, __ F.R.D. __, 2007 WL 1020785, at *6 (D.D.C. March 29, 2007). Since Defendant has made no showing of any kind beyond its bare objections, the objections are insufficient on their face and the discovery should be compelled.

This Court has held consistently that a party objecting to a discovery request as overbroad or unduly burdensome must do more than simply state the objection. *Id*. To meet is burden to resist discovery,

>'the objecting party must make a specific, detailed showing of how the interrogatory is burdensome,' or in this case, how it is over broad. [*Alexander v. F.B.I.,* 192 F.R.D.

2

50, 53 (D.D.C. 2000)] To disclose the nature of this burden, the objector must do more than just state the objection, the objector must submit affidavits or offer evidence which reveals the nature of the burden. [*Chubb Integrated Systems Lmt. v. Natl. Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984)].

*Tequila*, 2007 WL 1020785 at *6; *see also Miller v. Holzmann et al.,* 240 F.R.D. 1, 3 (2006)(Facciola, J.)(same).

In this case, Defendant has provided no evidence or suggestion as to why the interrogatory is overbroad or unduly burdensome, beyond its bare objections. Indeed, even after being invited to clarify the nature of its objections (*see* Ex. 2, Letter from J. Puth to C. Kearns, July 13, 2007), Defendant declined to do so. Under the law governing discovery in this Court, Defendant's ungrounded objections are insufficient, and complete responses should be compelled.

Moreover, the interrogatory is neither overbroad nor unduly burdensome. For instance, any claim that the interrogatory is overbroad is untenable because the interrogatory is confined *solely* to the discovery produced by Defendant in this matter. Secondly, Defendant cannot demonstrate that it would suffer undue burden by answering Plaintiff's interrogatory. Since assumedly Defendant searched for and produced documents in response to the requests that were propounded, it is difficult to envision how the request might prove unduly burdensome. "The mere fact that discovery requires work and may be time consuming is not sufficient to establish undue burden." *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991); *see also PHE, Inc. v. Dep't of Justice*, 139 F.R.D. 249, 257 (D.D.C. 1991).[2] Defendant's objections should be rejected.

---

[2] *See also Pleasants v. Allbaugh*, 208 F.R.D. 7 (D.D.C. 2002)(Faciola, J.)(emphasizing broad scope of discovery in employment discrimination cases).

3

**II.     Duty to Confer Under Local Rule 7**

Counsel for Plaintiff raised the this discovery issue with counsel for Defendant by letter dated July 13, 2007, seeking further information and Defendant's cooperation in resolving the issues without resort to the Court.  (*See* Ex. 2.)  Counsel for Plaintiff also contacted Defendant via telephone on June 19, 2007, seeking to narrow the areas of dispute.  Defendant indicated no compromise was possible and persisted in its refusal to answer Plaintiff's interrogatory.

**CONCLUSION**

In sum, Defendant has provided no valid basis to refuse to answer Plaintiff's discovery. Plaintiff respectfully requests that the Court compel Defendant to answer Plaintiff's Interrogatory No. 1 and to specify the documents that correspond to each discovery request.

Respectfully Submitted,

WEBSTER, FREDRICKSON, HENRICHSEN, CORREIA & PUTH, P.L.L.C.


    */s/  Jonathan C. Puth*
Jonathan C. Puth  #439241
Kataryna L. Baldwin  #494439
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AKIN GUMP STRAUSS HAUER & FELD LLP ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-399 (EGS/JMF) |

**ORDER**

Upon consideration of Plaintiff's Second Motion to Compel Discovery, any Opposition thereto, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's Second Motion to Compel Discovery is hereby, **GRANTED;** and it is further

**ORDERED** that Defendant shall answer within ____ days Plaintiff's Interrogatory No. 1 by identifying by bates number the documents responsive to each discovery request propounded by Plaintiff; and it is further

**ORDERED** that Plaintiff shall be allowed to conduct further discovery concerning the answer, if necessary, including taking depositions.

Dated: _____        _____
                                  Judge Emmet G. Sullivan
                                  United States District Court for the District of Columbia

**CERTIFICATE OF SERVICE**

      I hereby certify that on this *20th* day of July, 2007, a copy of the forgoing Second Motion to Compel Discovery, the Memorandum of Points and Authorities in Support thereof, the attachments thereto, and draft order, were sent by first class mail, postage prepaid, and transmitted electronically to:

Christine Nicolaides Kearns
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC  20037

Counsel for Defendant


           */s/   Kataryna L. Baldwin*
           Kataryna L. Baldwin
           Webster, Fredrickson, Henrichsen, Correia & Puth
           1775 K Street, N.W.
           Suite 600
           Washington, D.C.  20006
           (202) 659-8510

           Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS,<br><br>      Plaintiff,<br><br>v.<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP,<br><br>      Defendant. | Case No. 1:07CV00399 (ES) |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), by counsel and pursuant to Federal Rule of Civil Procedure 33, hereby submits its objections and responses to Plaintiff Donald G. Gross's Second Set of Interrogatories.

1.    **GENERAL OBJECTIONS**

In addition to the objections specifically asserted below, Akin Gump asserts the following general objections, which are applicable to all of the interrogatories:

    A.    By producing documents or supplying other information responsive to these interrogatories, Akin Gump does not concede, and reserves all objections with respect to the relevance, materiality or admissibility of such documents or information.

    B.    Akin Gump objects to these interrogatories to the extent that they purport to require the disclosure of communications, documents or information prepared in anticipation of litigation or protected by the work product doctrine or subject to a claim of privilege, including,

without limitation, the attorney-client privilege. Akin Gump hereby claims such privileges and protections to the extent implicated by these interrogatories and excludes privileged and protected information from its responses to these interrogatories. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges and protections.

C. Akin Gump objects to these interrogatories to the extent that they purport to require the disclosure of information protected by its clients' attorney-client privilege and/or its clients' information protected by the work product doctrine. Akin Gump hereby claims such privileges and protections to the extent implicated by these interrogatories and excludes privileged and protected information from its responses to these interrogatories. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges and protections.

D. Akin Gump objects to the interrogatories to the extent that they purport to impose on Akin Gump obligations beyond those imposed by the Federal Rules of Civil Procedure.

E. Akin Gump objects to the instruction that "the term 'identify' or 'identity' when used in conjunction with a person means to state the person's . . . (2) last known residence and business address, (3) last known home and business telephone numbers. . . .," because all of the individuals identified herein are current or former members of Akin Gump. All individuals mentioned herein can be contacted through undersigned Defendant's counsel.

400600518v1

2. **SPECIFIC OBJECTIONS**

Akin Gump specifically incorporates all of the aforementioned general objections into the following specific objections.

**INTERROGATORIES**

**INTERROGATORY No. 1:** *For each document produced in response to Plaintiff's Requests for Production of documents, please identify by bates number the discovery request(s) to which each document corresponds.*

RESPONSE: Defendant objects to this request as overbroad and unduly burdensome and because it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

DATED: July 12, 2007                    Respectfully submitted,

*/s/ Karen-Faye McTavish*
Christine N. Kearns
Karen-Faye McTavish
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, DC 20037
Telephone: (202) 663-8000

Counsel for Defendant

400600518v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2007, a copy of the foregoing Defendant's Objections and Responses to Plaintiff's Second Set of Interrogatories was served via facsimile on the following counsel of record (with Hand Delivery to follow on July 13, 2007):

> Jonathan C. Puth
> Webster, Fredrickson & Brackshaw
> 1775 K Street, N.W.
> Suite 600
> Washington, D.C. 20006

*Karen-Faye McTavish*
Karen-Faye McTavish

400600518v1

**WEBSTER, FREDRICKSON & BRACKSHAW**
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KATARYNA L. BALDWIN
GEOFFREY H. SIMPSON[+]
NATALIE L. SMITH
[+]ADMITTED ONLY IN MD

July 13, 2007

**BY FACSIMILE AND BY MAIL**
**(202) 663-8007**

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC 20037

　　　　　　　Re:　　*Gross v. Akin Gump Strauss Hauer & Feld LLP*, 07-399 (EGS)

Dear Tina & Karen:

　　　　I am in receipt of your Objections and Responses to Plaintiff's Second Set of Interrogatories, which we received today by fax and hand delivery. I write to seek clarification from you regarding the nature of your two objections to the single interrogatory propounded so that we might work jointly to avoid unnecessary expense and court involvement regarding this discovery.

　　　　We propounded the following request, to which you provided the following response:

Interrogatory No. 1: For each document produced in response to Plaintiff's Requests for Production of Documents, please identify by bates number the discovery request(s) to which each document corresponds.

RESPONSE: Defendant objects to this request as overbroad and unduly burdensome and because it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

(Defendant's Objections and Responses to Plaintiff's Second Set of Interrogatories, served July 13, 2007.)

　　　　As you know, we had propounded the interrogatory after you served over 3,000 pages of documents that were heavily redacted, obscuring subject matter and identity information without any indication of the discovery requests to which each document related. Although you refused our

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
July 13, 2007

page two

requests to identify the discovery requests to which each document corresponded, in order to avoid unnecessary expense and further dispute over that matter we sent the interrogatory to obtain that highly relevant information.

In response, you claim the above interrogatory is overbroad, yet the interrogatory refers *solely* to the discovery produced by Defendant in this matter, therefore any claim of overbreadth appears to be misplaced. Secondly, you have provided no rationale as to why the discovery sought is unduly burdensome. Since assumedly Defendant searched for and produced documents in response to the requests that were propounded, it is difficult to envision how the request might prove unduly burdensome.

I ask that you reconsider your objections and produce the discovery sought. Otherwise, kindly contact me so that we might work together to resolve our differences over this matter.

Sincerely,

Jonathan C. Puth

cc: Donald G. Gross, Esq.