**WEBSTER, FREDRICKSON & BRACKSHAW**
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KATARYNA L. BALDWIN
GEOFFREY H. SIMPSON[+]
NATALIE L. SMITH
[+]ADMITTED ONLY IN MD

July 13, 2007

**BY FACSIMILE AND BY MAIL**
**(202) 663-8007**

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC 20037

Re:   *Gross v. Akin Gump Strauss Hauer & Feld LLP*, 07-399 (EGS)

Dear Tina & Karen:

I am in receipt of your Objections and Responses to Plaintiff's Second Set of Interrogatories, which we received today by fax and hand delivery. I write to seek clarification from you regarding the nature of your two objections to the single interrogatory propounded so that we might work jointly to avoid unnecessary expense and court involvement regarding this discovery.

We propounded the following request, to which you provided the following response:

Interrogatory No. 1: For each document produced in response to Plaintiff's Requests for Production of Documents, please identify by bates number the discovery request(s) to which each document corresponds.

RESPONSE: Defendant objects to this request as overbroad and unduly burdensome and because it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

(Defendant's Objections and Responses to Plaintiff's Second Set of Interrogatories, served July 13, 2007.)

As you know, we had propounded the interrogatory after you served over 3,000 pages of documents that were heavily redacted, obscuring subject matter and identity information without any indication of the discovery requests to which each document related. Although you refused our

Christine Nicolaides Kearns, Esq.
Karen-Faye McTavish, Esq.
July 13, 2007

page two

requests to identify the discovery requests to which each document corresponded, in order to avoid unnecessary expense and further dispute over that matter we sent the interrogatory to obtain that highly relevant information.

In response, you claim the above interrogatory is overbroad, yet the interrogatory refers *solely* to the discovery produced by Defendant in this matter, therefore any claim of overbreadth appears to be misplaced. Secondly, you have provided no rationale as to why the discovery sought is unduly burdensome. Since assumedly Defendant searched for and produced documents in response to the requests that were propounded, it is difficult to envision how the request might prove unduly burdensome.

I ask that you reconsider your objections and produce the discovery sought. Otherwise, kindly contact me so that we might work together to resolve our differences over this matter.

Sincerely,

Jonathan C. Puth

cc: Donald G. Gross, Esq.