IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-399 (EGS/JMF) |
| v. | ) |
| | ) |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
FIRST MOTION TO COMPEL DISCOVERY**

Defendant Akin Gump Strauss Hauer & Feld LLP ("Defendant" or "Akin Gump") misguidedly claims that it need not produce further discovery regarding damages because it did not plan to employ Plaintiff any longer than it did. (*See* Defendant's Opposition to Plaintiff's Motion to Compel Discovery, filed July 17, 2007 ("Def. Opp.") at 3.) Contrary to Defendant's claim, if it were not for Akin Gump's decision to terminate Plaintiff Gross because he was "too old," Plaintiff planned to keep working at Akin Gump at least another 15 years, and to become a partner at Akin Gump. Because neither his position nor his salary would have remained stagnant over those 15 years, Plaintiff's discovery of predictive data regarding mobility and salary is keenly relevant to the determination of his damages in this case and should be compelled.

Defendant also takes the novel tack that it need not fully respond to Plaintiff's interrogatories because, in its view, it did not discriminate against Plaintiff, but Defendant's inappropriate arguments concerning the merits of the case merely highlight the areas of dispute. As well, Defendant simultaneously offers the contradictory theories that it terminated Plaintiff for purely

1

economic reasons (Def. Opp. at 4), but also because of supposed performance problems. (*Id*. at 3-4.) Then, for the very first time Defendant conjures an entirely new defense, that Plaintiff was purportedly let go because he did not bill enough hours, a position never articulated at any time in this litigation. (*Compare id*. at 3 *with* Ex. 1, Defendant's Responses to Plaintiff's First Set of Interrogatories, Response No. 1.)[1] Defendant's repeated arguments going to the merits of this case utterly fail to justify its resistence of discovery.

Even more striking are Defendant's simultaneous claims that the writing abilities of other Korea Practice Group attorneys are "irrelevant" to Plaintiff's lawsuit (Def. Opp. at 9), when on the very same page and elsewhere Defendant (wrongly) claims that it terminated Plaintiff because of his writing. (*Id*.) Defendant's apparent wish to use documents concerning Plaintiff's written work to justify its illegal termination, while at the same time shielding from review similar documents concerning his colleagues, cannot be allowed under the Rules.

Finally, Defendant's claim that its heavy redaction of documents is justified on a supposed basis of "client confidences" (*see id*. at 10), is completely misguided. There are no "confidences" to conceal and there is a protective order in place to prevent dissemination. Defendant has failed to offer legitimate grounds for resisting discovery and Plaintiff's motion should be granted.[2]

---

[1] Defendant's new claims provide ample evidence for a jury to conclude that its recent changes in position and exaggerations were fabricated to mask a discriminatory termination decision. *See Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 147 (2000); *E.E.O.C. v. Sears Roebuck and Co.*, 243 F.3d 846, 854 (4th Cir. 2001).

[2] Defendant also inappropriately and wrongly suggests that Plaintiff misrepresented the current state of discovery. (*See* Def. Opp. at 2, 5) Tellingly, Defendant does not – and cannot – provide examples. Plaintiff has reviewed his earlier submission; his representations accurately describe the shortcomings of Defendant's production and the representations Defendant made about what would be produced after Plaintiff's motion was filed.

**I.      Discovery regarding compensation is relevant to Plaintiff's damages and should be compelled.**

As of the time he was illegally terminated because of his age, Plaintiff aspired to work for another 15 years with hopes of remaining at Akin Gump.  (*See* Gross Dep. Ex. 22 at DG0011 (August 6, 2004 e-mail to Sukhan Kim ("I know that the next fifteen years will be the most productive years of my working life and that I will make a major contributions to the organization where I work.  My strong preference is to continue working at Akin Gump. . . .")).)  Plaintiff contends that his salary would not have remained static at $250,000 per year for 15 years, but rather that his salary would have increased along the lines of other Senior Counsel, and that he would have been eligible for bonuses at roughly the same rates as other attorneys.  Plaintiff also hoped that during those 15 years he would have become a partner and enjoyed partner-level compensation.

In order to make the case, Plaintiff propounded Interrogatory Nos. 3, 8, and 9, each highly relevant to the calculation of Plaintiff's damages.  (*See* Ex. 1.)[3]  Defendant objects to each on the basis of overbreadth, undue burden, and relevance.  Nonetheless, Defendant has identified no specific overbreadth or undue burden it would confront, and has submitted no affidavit or other competent evidence, as is its burden under the law.  *See  Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, __ F.R.D. __, 2007 WL 1020785, at *6 (D.D.C. March 29, 2007)(Lamberth, J.); *Miller v. Holzmann et al.,* 240 F.R.D. 1, 3 (2006)(Facciola, J.).  Defendant's generalized claims of overbreadth and undue burden must therefore be rejected.

That leaves relevance as the sole basis for withholding discovery pursuant to Interrogatory Nos. 3, 8, and 9.  The term "relevance" is broad, meaning "evidence having any tendency to make

---

[3]Plaintiff has engaged an expert to calculate and present Plaintiff's damages.  (*See* Plaintiff's 26(a)(2) Disclosure, July 13, 2007.)

the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In the context of discovery, and employment discrimination cases in particular, relevance is construed even more broadly and "given very liberal treatment." *Tequila Centinela*, 2007 WL 1020785, at *4; *Pleasants v. Allbaugh*, 208 F.R.D. 7 (D.D.C. 2002).

Defendant has provided no response other than its objections to Interrogatory No. 3, which seeks the identity of all attorneys employed since 2002 who during their tenure held the Senior Counsel position, as well as information regarding the attorneys' progression through positions at Akin Gump. (*See* Ex. 1 at 3-4.) But plainly that information will be relevant to the question of opportunities enjoyed by Senior Counsel to move into lucrative partner jobs, consistent with Plaintiff Gross' desire. Defendant's blanket refusal to respond to Interrogatory No. 3 on the basis of relevance is without justification.

Defendant's response to Interrogatory No. 8 fares no better. After Plaintiff filed his Motion to Compel, Defendant supplemented his response by agreeing to produce data for Senior Counsel compensation beginning January 1, 2003.[4] Although not clearly stated by Defendant, apparently based on relevance Defendant refuses to provide 1) the names of the attorneys, and 2) data beginning January 1, 2002. Aside from simply repeating that the additional information sought is "irrelevant" (*see* Def. Opp. at 6), however, Defendant has provided no reason at all for its refusal to provide this information.

"A party opposing discovery bears the burden of showing why discovery should be denied."

---

[4]Because Defendant has marked his new responses "confidential," Plaintiff does not attach them, consistent with the protective order entered in this case.

*Ellsworth Assocs., Inc. v. United States*, 917 F.Supp. 841, 844 (D.D.C. 1996)(Good cause not found where defendant merely "delves into the merits of plaintiff's claims.")  Because Defendant provides no reason for refusing to identify its Senior Counsel (*see* Def. Opp. at 6-7), it has failed to meet its burden and responses should be compelled.

The identity of Defendant's Senior Counsel is entirely relevant to Plaintiff's damages. As anticipated by Plaintiff in his motion (Motion at 8-9) and admitted by Defendant in response (Def. Opp. at 6), Defendant argues that the Senior Counsel category is individualized, *ergo*, it contends, conclusions about compensation cannot be drawn. Defendant's premature argument regarding the *weight* of the evidence merely highlights its relevance. Defendant seeks to shield discovery of the very evidence that would help determine whether or not Defendant's argument is devoid of merit. That information should be compelled.

Defendant similarly offers no argument as to why compensation data from 2002 is irrelevant. Plaintiff here seeks less than five years of data to help make predictions concerning compensation and growth over a 15 year period. Such information is entirely relevant to Plaintiff's damages since, in an employment discrimination case, the plaintiff bears the burden of providing the essential data necessary to calculate an award of front pay (or back pay), including "the amount of the proposed award, the length of time the plaintiff expects to work for the defendant, and the applicable discount rate." *Barbour v. Merrill*, 48 F.3d 1270, 1279 (D.C. Cir. 1995)(internal citations omitted). The discovery should be compelled.

Defendant's claims concerning its refusal to respond completely to Interrogatory No. 9 concerning compensation of Korea Practice Group attorneys are, again, arguments about the merits of the case and are ineffective to resist the discovery. Defendant has artificially limited the scope

of the interrogatory by a year, and then refused to provide any information regarding most all the employees associated with the Korea Practice Group. Plaintiff Gross contends that in the absence of discrimination and over the balance of at least 15 additional working years, he would have been able to attain a lucrative partner position, just as every other attorney in the Korea Practice Group with whom he worked was or became a partner. Interrogatory No. 9 is thus acutely calculated to obtain data that would predict his future damages.[5]

Defendant confines its arguments solely to its skewed view the merits, rather than to relevance. Defendant argues, in circular fashion, that Plaintiff is not a partner, that Plaintiff would not have become a partner, and advances the same inaccurate contentions concerning liability in this matter, *and not relevance*. (*See* Def. Opp. at 7-8.) Claiming, in essence, "we did not discriminate," is not a valid argument to resist discovery. *See Ellsworth Assocs., Inc.*, 917 F.Supp. at 844. A complete response should be compelled.[6]

---

[5]Defendant boldly claims that it provided "a sworn interrogatory listing complete compensation information (including bonus information) for all non-partner attorneys in its Korea Practice Group between January 1, 2003 and the present." (Def. Opp. at 7.) Defendant fails to note that its data revealed the compensation of just *one* attorney (and one non-attorney), and then only for the short time that elapsed before the attorney became a partner. Every other identified attorney in the Korea Practice Group was a partner, yet no compensation data for them was provided.

[6]Again arguing the weight of the evidence while refusing discovery that would allow Plaintiff to test Defendant's assertions, Defendant claims that two of forty five Senior Counsel hired in the last 3 ½ years became partner, thus, it insists, it is "speculative" Mr. Gross would have become partner if he was not discriminated against. (*See* Def. Opp. at 8.) First, Defendant's alleged proof covers a short time frame and is not a predictor of Plaintiff's future job development over 15 years in the absence of discrimination as, for instance, a complete response to Interrogatory No. 3 would reveal. Second, by refusing to reveal the identity of any other Senior Counsel Defendant hides the information that would help reveal whether Senior Counsel were in a position to become a partner, whether they were moved from some other attorney status at Akin Gump, or some other circumstance that would bear upon the appropriateness of the data for comparison to Mr. Gross.

**II.     Defendant should respond completely to Document Requests 17 and 18.**

Defendant's arguments resisting discovery of documents concerning the writing and analytical skills of Korea Practice Group attorneys on the basis of relevance is more of the same. (*See* Def. Opp. at 9.) Defendant claims the discovery is "irrelevant" to Plaintiff's claims, while on the very same page it claims it terminated Plaintiff for supposed writing deficiencies. (*See id.*) Contrary to Defendant's misguided argument, discovery is proper when it is relevant not only to claims but also to any "defense of any party." Fed. R. Civ. P. 26(b)(1). Defendant's Opposition itself provides ample evidence that its objections on the basis of relevance are without merit.

With respect to overbreadth and burden, Defendant has not provided grounds by competent evidence, as required. *See Tequila Centinela*, 2007 WL 1020785, at *6. Defendant's objections should therefore be rejected. (*See id.*)

Importantly, Request Nos. 17 and 18 seek responsive documents to the extent that Defendant claims Plaintiff's writing or analytical skills were somehow deficient, despite his career as a writer. As noted in Plaintiff's motion, writing in the Korea Practice Group was a collaborative process, and attorneys (including Mr. Gross) regularly edited the work of other attorneys in the same manner his work was edited. Defendant apparently wants to produce only documents concerning Plaintiff's work while shielding from discovery documents concerning the work of his colleagues, even though his colleagues' work is of clear relevance to the defense.

Defendant also claims it can swear that it had "no serious issues" with other attorneys' writing. But if Defendant seeks to use documents offering constructive criticism ("serious" or not) of Mr. Gross to suggest a problem (which there was not), then it must afford Plaintiff the opportunity

to challenge Defendant's claims with similar evidence regarding Plaintiff's colleagues.[7]

**C.     Unredacted documents should be compelled.**

Without citing to any authority for its argument, Defendant resists production of unredacted documents on a claim of supposed client confidences (Def. Opp. at 10), but there are no confidences to protect here. Plaintiff Gross was a party to virtually all of the communications to, from, and regarding clients that were produced in this matter. Consequently, for instance, the client identities and client matters that were redacted in the documents were openly the subject of Defendant's questions and Plaintiff's responses during Plaintiff's recent deposition, and will be the subject of depositions of Defendant's agents. Client identities and client matters will continue to be openly discussed throughout discovery because Defendant advances the defense that Plaintiff's job performance is at issue.

Under these circumstances, no purpose is served by cloaking the documents with heavy redactions and hiding their content. The effect, however, is to unnecessarily render the documents indecipherable, or at least highly difficult to interpret or categorize by subject area, even though they are relevant, responsive to discovery, and concern the claims and defenses in the case.[8]

Critically, this Court has entered a protective order that provides strict protection and the prompt destruction of all documents following the close of the case. (*See* Stipulated Protective

---

[7]Plaintiff does not seek "all" documents concerning or reflecting the writing of Korea Practice Group attorneys, but only those reflecting the same types of documents Defendant apparently wishes to use to support its defense, including documents about other attorneys' writing and skills, and documents reflecting the group writing and editing process.

[8]Contrary to Defendant's contentions, not all the redactions concern client matters, but also concern Akin Gump attorney identities, compensation information, and other discoverable information. Defendant offers no reason for opposing such discovery on non-client matters.

Order, July 5, 2007 (Docket Entry No. 12).)  Production of unredacted documents should be compelled, subject to that order.

## CONCLUSION

Plaintiff respectfully requests that this Honorable Court grant his Motion to Compel.

Respectfully Submitted,

WEBSTER, FREDRICKSON, HENRICHSEN, CORREIA & PUTH, P.L.L.C.


  /s/  Jonathan C. Puth
Jonathan C. Puth  #439241
Kataryna L. Baldwin  #494439
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

  I hereby certify that on this **27th** day of July, 2007, a copy of the forgoing Plaintiff's Reply in Support of His First Motion to Compel Discovery, with attachment, was served by electronic filing to:

Christine Nicolaides Kearns
Karen-Faye McTavish
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC  20037

Counsel for Defendant


               */s/  Kataryna L. Baldwin*
               Kataryna L. Baldwin
               Webster, Fredrickson, Henrichsen, Correia
               & Puth, P.L.L.C.
               1775 K Street, N.W.
               Suite 600
               Washington, D.C.  20006
               (202) 659-8510

               Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:07CV00399 (ES) |
| AKIN GUMP STRAUSS HAUER & FELD LLP, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), by counsel and pursuant to Federal Rule of Civil Procedure 33, hereby submits its objections and responses to Plaintiff Donald G. Gross's Interrogatories.

### 1. GENERAL OBJECTIONS

In addition to the objections specifically asserted below, Akin Gump asserts the following general objections, which are applicable to all of the interrogatories:

A. By producing documents or supplying other information responsive to these interrogatories, Akin Gump does not concede, and reserves all objections with respect to the relevance, materiality or admissibility of such documents or information.

B. Akin Gump objects to these interrogatories to the extent that they purport to require the disclosure of communications, documents or information prepared in anticipation of litigation or protected by the work product doctrine or subject to a claim of privilege, including,

400570058v1

without limitation, the attorney-client privilege. Akin Gump hereby claims such privileges and protections to the extent implicated by these interrogatories and excludes privileged and protected information from its responses to these interrogatories. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges and protections.

C. Akin Gump objects to these interrogatories to the extent that they purport to require the disclosure of information protected by its clients' attorney-client privilege and/or its clients' information protected by the work product doctrine. Akin Gump hereby claims such privileges and protections to the extent implicated by these interrogatories and excludes privileged and protected information from its responses to these interrogatories. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges and protections.

D. Akin Gump objects to the interrogatories to the extent that they purport to impose on Akin Gump obligations beyond those imposed by the Federal Rules of Civil Procedure.

E. Akin Gump objects to the instruction that "the term 'identify' or 'identity' when used in conjunction with a person means to state the person's . . . (2) last known residence and business address, (3) last known home and business telephone numbers. . . .," because all of the individuals identified herein are current or former members of Akin Gump. All individuals mentioned herein can be contacted through undersigned Defendant's counsel.

## 2. SPECIFIC OBJECTIONS

Akin Gump specifically incorporates all of the aforementioned general objections into the following specific objections.

### INTERROGATORIES

**INTERROGATORY No. 1:** *State with particularity and in detail each and every reason for the termination of Donald Gross's employment with Akin Gump and identify all documents related thereto.*

RESPONSE: Defendant objects to this request as overbroad and unduly burdensome to the extent that it requests that Defendant identify all documents related to the reasons for Mr. Gross's termination. Notwithstanding this object, Defendant provides the following response: Mr. Gross was hired with the express understanding that the firm's need for him would be reassessed in one year. Accordingly, the firm assessed its need for Mr. Gross, and his employment was terminated for his inadequate performance and contributions. Mr. Gross's work on, among other things, policy memoranda in connection with a sophisticated special project for an Akin Gump client (a project he was hired to complete), was not usable. Although the written work was not deficient with respect to grammar or other technical writing skills, it lacked organization and rigorous analytical thought, and required redrafting by others. David Park, who was an Akin Gump associate at the time, and is currently an Akin Gump partner, in particular, was tasked with revising Mr. Gross's written material, and eventually found himself rewriting virtually all of the special-project-related assignments completed by Mr. Gross. Michael Quigley, a former Akin Gump partner, also rewrote one of Mr. Gross's memoranda from scratch. After a few months, Sukhan Kim, an Akin Gump partner, stopped giving Mr.

Gross substantive writing assignments, because Mr. Gross had proven unable to draft them in a satisfactory manner. At that point, Mr. Kim turned the special project that Mr. Gross had been hired to complete over to Mr. Quigley and Mr. Park.

In addition, Mr. Gross was hired to add structure to the Korea practice group. That structure never materialized. Finally, Mr. Gross had represented that he would be able to build Akin Gump's Korea practice through his client contacts in Korea. Unfortunately, Mr. Gross had no success there either.

**INTERROGATORY No. 2:**   *Identify each and every person with knowledge of the reason(s) why Donald Gross's employment was terminated and describe the substance of what each such person knows.*

RESPONSE: Mr. Kim; Mr. Quigley; Mr. Park; Jaemin Park, former Akin Gump partner; D. Michael Kaye, former Akin Gump partner; and R. Bruce McLean, Akin Gump partner and Chairman, have such information as discussed above in Defendant's response to Interrogatory No. 1.

**INTERROGATORY No. 3:**   *Identify each and every person at Akin Gump from January 1, 2002 until the present who at any time during his or her tenure held the title "Senior Counsel." For each person so identified, please state the date the person was hired, the date his or her tenure with Akin Gump ended, all titles (such as Senior Counsel, Of Counsel, Partner, etc.) held by the person, and the dates any such title(s) were held.*

RESPONSE: Defendant objects to this request as overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY No. 4:** *Identify each and every person who has knowledge of any facts which support any defense or fact raised in your Answer, state the substance of what each such person knows, identify all documents related thereto, and identify all oral or written communications by such persons pertaining to this matter.*

RESPONSE: Defendant objects to this request as overbroad and unduly burdensome to the extent that it requests that Defendant identify all oral or written communications pertaining to this matter. Defendant also objects to this request as overbroad and unduly burdensome to the extent that it requests that Defendant identify all documents related to the substance of what each person with knowledge of facts supporting defenses or facts raised in Defendant's Answer knows. Notwithstanding these objections, Defendant directs Plaintiff to Defendant's initial disclosures, where it identifies persons with knowledge of facts supporting defenses or facts raised in Defendant's Answer.

**INTERROGATORY No. 5:** *Identify each person who made a complaint of age discrimination, whether written or oral, formal or informal, against Akin Gump from January 1, 2000 to the present. For each person identified, describe in detail the allegations made in the complaint, identify each person with knowledge of the facts and/or allegations stated in the complaint, and identify all documents related thereto.*

RESPONSE: Defendant objects to this request on the basis that it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible information in this case.

Notwithstanding these objections, Defendant states that no claims of age discrimination have ever been made against any of the individuals named in Plaintiff's Complaint; by anyone in Akin Gump's Washington D.C. office; or by any attorney of the firm.

**INTERROGATORY No. 6:**    *Identify and describe each custom, policy and practice created or used by Akin Gump to prohibit workplace discrimination and identify each document that reflects or relates to such custom, policy or practice.*

RESPONSE: Please see AK 000129-AK 000131.

**INTERROGATORY No. 7:**    *Identify each witness whom you intend to call at trial in this matter.*

RESPONSE: Defendant objects to this request as premature. Defendant will provide this information in accordance with the applicable federal and local rules, and/or any Orders issued by the Court in this matter.

**INTERROGATORY No. 8:**    *For the time period of January 1, 2002 to the present, state the value and method of calculation of each component of income, expense, benefit, or reimbursement provided to or available to each person holding the Senior Counsel position, including but not limited to those available or provided to Plaintiff, and the amounts paid or available to each Senior Counsel on an annual basis.*

RESPONSE: Defendant objects to this request on the basis that it is overbroad, unduly burdensome, irrelevant and not reasonable calculated to lead to the discovery of admissible evidence in this case to the extent it requests information relating to individuals other than Mr. Gross. Defendant directs Plaintiff to Mr. Gross's personnel file (AK 000001-AK 000079), W2

tax forms (AK000080-AK 000081), and Akin Gump's Summary of Benefits Senior Counsel, Counsel, Associates, Senior Attorneys and Staff Attorneys (AK 000164- AK 000172), for information relating to his income and benefits.

**INTERROGATORY No. 9:** *For the time period January 1, 2002 until the present, identify each attorney in the Korea Practice Group. Please include in your response for each the attorney's hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year.*

RESPONSE: Defendant objects to this request as overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it requests the hire date, termination date, title, salary for each calendar year, and the value of any bonus, gift, or award, provided during each calendar year with respect to each attorney in the Korea practice group from January 1, 2002 until the present. In addition, Defendant objects to this request as vague because the "Korea practice group" is an informal subdivision within Akin Gump. Notwithstanding these objections, Defendant states that the following attorneys did a substantial amount of Korean work during the requested time period: Mr. Kim, Mr. Quigley, Mr. Park, Ms. Park, Thomas C. Hubbard, James K. Lee, and Mr. Gross.

**INTERROGATORY No.10:** *For each interrogatory, separately, identify each person who prepared or assisted in preparation of the response, and state how that person assisted in the preparation of each response.*

RESPONSE: Undersigned attorneys prepared these interrogatories with the assistance of in-house counsel, Julie Stumpe Dressing, Esq., Chief Human Resources Officer & Human Resources Counsel at Akin Gump.

DATED: May 14, 2007                          Respectfully submitted,

*/s/ Christine N. Kearns*
Christine N. Kearns
Karen-Faye McTavish
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, DC 20037
Telephone: (202) 663-8000

Counsel for Defendant

400570058v1

Signed as to answers:

_Akin Gump Strauss Hauer + Feld LLP_
Akin Gump Strauss Hauer & Feld, LLP
By: _Julie Stemje Dussund_
    _Chief HR Officer / HR Counsel_
Date: _May 11, 2007_

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2007, a copy of the foregoing Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories was served via Hand Delivery on the following counsel of record:

>Jonathan C. Puth
>Webster, Fredrickson & Brackshaw
>1775 K Street, N.W.
>Suite 600
>Washington, D.C. 20006

_____
Christine N. Kearns

400570058v1