IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DONALD G. GROSS                                  )<br>                                                              )<br>                     Plaintiff,                   )<br>                                                              )<br>         v.                                               ) Civil Action No. 07-399 (EGS)<br>                                                              )<br>AKIN GUMP STRAUSS HAUER & FELD LLP )<br>                                                              )<br>                     Defendant.                 )<br>                                                              ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**TO:**   Akin Gump Strauss Hauer & Feld, LLP
           c/o Christine Nicolaides Kearns, Esq.
           Pillsbury Winthrop Shaw Pittman, LLP
           2300 N St., N.W.
           Washington, DC 20037

**INSTRUCTIONS**

The following requests for production are propounded pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiff Donald Gross requests that Defendant Akin Gump Strauss Hauer & Feld, LLP ("Akin Gump" or "Defendant") produce the documents identified below, at the law offices of Webster, Fredrickson & Brackshaw, 1775 K Street, N.W., Suite 600, Washington, D.C. 20006, on any normal business day between the hours of 9:00 a.m. and 12:00 p.m., within thirty (30) days of service of these requests. In addition, Plaintiff requests that Defendant make available for inspection, at a mutually convenient time, all original documents responsive to these document requests.

As used herein, the term "document" or "documents" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason

of any notation made on such copies or otherwise. The term "document" or "documents" includes, without limitation, correspondence, electronic mail, affidavits, depositions, factual narratives, contracts, reports, memoranda, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, offers, notations of any sort of conversations or interviews, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, and all models, drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or aural records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilms, videotape, records, and motion pictures) and digital, electronic, mechanical, or electronic records or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings), data or metadata. Two or more copies of a document bearing divergent handwritten or other notations shall be treated as separate documents for this purpose.

As used herein, "you," or "your," refers to Akin Gump, including its employees, former employees, agents, representatives, and any predecessors in interest. Unless otherwise specifically noted, all documents under the control of the Defendant are requested, whether the documents were generated by the Defendant, its predecessors in interest, employees, former employees, agents, representatives or any other person or entity. The documents responsive to each request should be identified specifically and separated by a sheet of paper containing the document request number to which they respond. These requests for production are continuing in character, requiring you to provide promptly additional or updated information when such information becomes known to you.

Designation of Format of Production of Electronically Stored Information ("ESI") Pursuant to Fed. R. Civ. P. 34(b)

As agreed by counsel for Defendant at the parties' April 5, 2007 conference held pursuant to Fed. R. Civ. P. 26(f), Defendant shall maintain and preserve all ESI in native format throughout this litigation. The parties agreed that for ease and consistency of production, ESI shall be produced in static PDF format, but that Defendant shall also produce any particular documents in native format upon request by Plaintiff.

## REQUESTS FOR PRODUCTION

1. All documents contained in all personnel or employment files, including any official personnel file, of Plaintiff Gross.

2. All documents concerning or related to the income, payroll, fringe benefits (including, but not limited to, vacation, insurance, sick leave, or leaves of absence) afforded or available to Plaintiff Gross.

3. All documents referring to the starting salary, proposed salary, changes in salary, bonuses, commissions, gifts, and awards for all attorneys in the Korea Practice Group from January 1, 2002 until the present.

4. For the period of January 1, 2000 to the present, all documents reflecting, relating, or constituting an offer letter or employment contract between a Senior Counsel position attorney and the Defendant.

5. For the period of January 1, 2000 to the present, all offer letters to any attorney by the Defendant that refer to a probationary period or period of reassessment.

6. All documents referring or related to the qualifications of Plaintiff Gross.

7. All documents referring or related to the job performance of Plaintiff Gross.

8. All documents referring or related to the job duties of Plaintiff Gross.

9. All documents reflecting or related to any organizational charts or staffing patterns of the Korea Practice Group drafted or in effect from January 1, 2002 through December 31, 2005.

10. All documents concerning or related to the consideration of Plaintiff Gross for a position with the Korea Practice Group in 2003.

11. All notes, memos, correspondence, or documents of any type referring or relating to any interview of Plaintiff Gross for a position with the Korea Practice Group in 2003.

12. All writing samples requested or considered by you in consideration of Plaintiff's hiring by Defendant.

13. All documents concerning or related to the qualifications or selection criteria sought for any candidate for an attorney position with the Korea Practice Group from January 1, 2002 through December 31, 2005.

14. All documents concerning or related to the consideration or interview of any candidate for an attorney position with the Korea Practice Group from January 1, 2002 through December 31, 2005.

15. All documents reflecting or relating to any deficiencies or perceived deficiencies in the work performance of Plaintiff Gross.

16. All documents reflecting or relating to the writing abilities of Plaintiff Gross.

17. If you contend that Plaintiff's writing abilities were deficient in any manner, please produce all documents reflecting or related to the writing abilities of all Korea Practice Group attorneys for the period January 1, 2002 through December 31, 2005.

18. All documents reflecting or relating to the analytical abilities of Plaintiff Gross.

19. If you contend that Plaintiff's analytical abilities were deficient in any manner, please produce all documents reflecting or related to the analytical abilities of all Korea Practice Group attorneys for the period January 1, 2002 through December 31, 2005.

20. All documents reflecting or relating to the business development abilities of Plaintiff Gross.

21. If you contend that Plaintiff's business development abilities were deficient in any manner, please produce all documents reflecting or related to the business development abilities of all Korea Practice Group attorneys for the period January 1, 2002 through December 31, 2005.

22. All documents referring or related to any changes in assignments or duties of Plaintiff Gross.

23. All documents referring or related to any changes in assignments or duties of all Korea Practice Group attorneys from May 1, 2003 through December 31, 2004.

24. All documents reflecting or relating to the minutes of any meeting of the Korea Practices Group from January 1, 2002 through December 31, 2005.

25. All documents containing, referring to, or related to instructions to Donald Gross regarding meetings of the Korea Practice Group.

26. All documents referring or related to each and every reason for Donald Gross' termination from employment at Akin Gump.

27. All documents referring or related to Akin Gump's decision to terminate Donald Gross.

28. All documents referring or related to any "exit strategy" for Donald Gross.

29. All documents referring or related to the consideration of Donald Gross for any other position with Defendant.

30. All documents reflecting or relating to any policy against discrimination of Akin Gump in effect from January 1, 2003 to the present.

31. All documents referring or related to any leave or proposed leave taken by Donald Gross.

32. All documents containing, referring or relating to Plaintiff's heart surgery.

33. All documents referring or related to Plaintiff's age or health.

34. All documents containing, referring to, or reflecting minutes or notations of any meeting at which the performance, hiring or termination status of Donald Gross was considered or addressed.

35. For the period of January 1, 2000 to the present, all documents referring or relating to any claim of discrimination based on age, whether formal or informal, oral or written against Defendant or its agents.

36. All documents provided to or received by the Equal Employment Opportunity Commission in this matter.

37. All documents referring or related to any investigation of Plaintiff's allegations of discrimination.

38. All documents reflecting Defendant's present net worth, including but not limited to annual reports and financial statements.

39. All documents reflecting or relating to liability insurance policies held by the Defendant under which it is claiming or may claim coverage for any event mentioned in the Complaint, whether or not such coverage has been granted or denied.

40. All documents that tend to support, relate to, or refute the denials and each affirmative defense raised in your Answer.

41. All documents, drafts, correspondence, or notes prepared by any expert engaged by Defendant.

42. All documents, drafts, correspondence, or notes provided to any expert engaged by Defendant.

43. All documents identified in your responses to Plaintiff's interrogatories to Defendant.

44. All documents that Defendant intends to introduce at trial in this matter.

Respectfully submitted,

Bruce A. Fredrickson  #933044
Jonathan C. Puth  #439241
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2007, a true and accurate copy of the foregoing Plaintiff Gross' First Request for Production of Documents to Defendant Akin Gump was served by first-class mail, postage prepaid, to:

Christine Nicolaides Kearns, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC 20037

Jonathan C. Puth #439241
1775 K St., N.W.
Suite 600
Washington, D.C. 20006
(202) 659-8510

Attorney for Plaintiff