IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-399 (EGS/JMF) |
| v. ) | |
| ) | |
| AKIN GUMP STRAUSS HAUER & FELD LLP ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
SECOND MOTION TO COMPEL DISCOVERY**

Defendant Akin Gump Strauss Hauer & Feld LLP ("Defendant" or "Akin Gump") opposes Plaintiff's Second Motion to Compel Discovery ("Motion") solely on the grounds of Fed. R. Civ. P. 34 regarding its obligations for the production of documents. (Defendant's Opposition to Second Motion to Compel, July 31, 2007 ("Def. Opp.").) Plaintiff's second set of interrogatories, however, was propounded pursuant to Rule 33. Rule 33 required Defendant to answer Plaintiff's interrogatory "fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Rule 34 is inapplicable here.

Defendant makes no effort to justify its only two objections on the basis of overbreadth and undue burden. Those objections should be overruled. Defendant appears to suggest a relevance point based upon an inaccurate assertion that Plaintiff "has not articulated any benefit" to his interrogatory (Def. Opp. at 5), but Defendant did not lodge a relevance objection. Any objection not made is waived. Fed. R. Civ. P. 33(b)(4); *Myrdal v. District of Columbia*, No. 05-02351, 2007 WL 1655875, *3 (D.D.C. June 7, 2007).

Instead, Defendant misguidedly argues that under Rule 34 it had no obligation to produce the documents other than in the ordinary course of business. (*See* Def. Opp.) While Defendant's argument may have had some pertinence to Plaintiff's original Rule 34 document request, it has no bearing on Plaintiff's subsequent interrogatory propounded under Rule 33. Defendant is required to respond to the same extent as an interrogatory seeking any other factual information.

Defendant identifies certain documents by bates range, but notably omits any identification of 3,000 documents, composed almost entirely of heavily redacted emails. Whether any particular document corresponds to Defendant's reasons for terminating Plaintiff (*see* Request Nos. 26, 27), writing samples considered by Defendant in consideration of Plaintiff's hiring (*see* Request No. 12), or the analytical abilities of Mr. Gross (*see* Request No. 18), for instance, is left to be answered by a complete response.[1]

Because Defendant offers no valid objection, and because the interrogatory is keenly geared to discover evidence regarding the facts of this case, Defendant's response should be compelled.

                                Respectfully Submitted,

                                WEBSTER, FREDRICKSON, HENRICHSEN, CORREIA & PUTH, P.L.L.C.

                                */s/ Jonathan C. Puth*
Jonathan C. Puth  #439241
Kataryna L. Baldwin  #494439
1775 K Street, N.W., Suite 600
Washington, D.C.  20006
(202) 659-8510
Attorneys for Plaintiff

---

[1] Given the stage of discovery, Plaintiff respectfully requests that Defendant be ordered to number the documents using the same bates numbers (with any necessary addition) it has already used to number each redacted document.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this ***3rd*** day of August, 2007, a copy of the forgoing Plaintiff's Reply in Support of His Second Motion to Compel Discovery was served by electronic filing to:

Christine Nicolaides Kearns
Karen-Faye McTavish
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC  20037

Counsel for Defendant


                                         ***/s/  Kataryna L. Baldwin***
                                         Kataryna L. Baldwin
                                         Webster, Fredrickson, Henrichsen, Correia
                                         & Puth, P.L.L.C.
                                         1775 K Street, N.W.
                                         Suite 600
                                         Washington, D.C.  20006
                                         (202) 659-8510

                                         Attorney for Plaintiff