UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AKIN GUMP STRAUSS HAUER & FELD LLP )<br>)<br>Defendant. )<br>) | Civil Action No. 07-399 (EGS)<br><br>JURY DEMANDED |

## AMENDED COMPLAINT
(Age Discrimination and Retaliation in Violation of the Age Discrimination in Employment Act and the District of Columbia Human Rights Act)

COMES NOW the Plaintiff, Donald G. Gross, by and through his attorneys, Webster, Fredrickson & Brackshaw, and for his Complaint in the above-captioned action states to this Honorable Court as follows:

### PARTIES

1. Plaintiff Donald G. Gross is an adult male citizen of the District of Columbia. At the time of his termination and at all times relevant hereto, Plaintiff was an employee in Defendant's Washington, D.C. office within the meaning of 29 U.S.C. § 630(f) and D.C. Code § 2-1401.02(9). Plaintiff's date of birth is November 29, 1952.

2. Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" or "firm") is a limited liability partnership organized under the laws of the District of Columbia, maintaining its principal office in the District of Columbia. Defendant is an employer within the meaning of the 29 U.S.C. § 630(b) and D.C. Code § 2-1401.02(10).

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626(c), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

4. Venue is proper as all of the acts complained of herein occurred in the District of Columbia.

5. Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 29, 2005, less than 300 days from being notified of his termination, alleging his employment at Akin Gump was terminated on the basis of his age in violation of ADEA and the D.C. Human Rights Act.

6. Plaintiff filed the instant action more than sixty (60) days from the filing of the charge with the EEOC.

7. Plaintiff exhausted his administrative remedies prior to filing this action.

## FACTS GIVING RISE TO RELIEF

8. In June 2003, Defendant hired Plaintiff as Senior Counsel in its Washington, D.C. office. Among his initial assignments were organizing and administering the firm's Korea Practice Group, as well as working for a major client of the firm – Samsung Electronics Corporation – on a particular matter. Plaintiff was well-qualified for the Senior Counsel position.

9. Plaintiff led Defendant's work on these and other projects in an exemplary manner, receiving regular praise for his performance from Mr. Sukhan Kim, the head of the Korea Practice Group, as well as from other attorneys in the practice group.

10. Even before Plaintiff began working at the firm, Mr. Kim indicated that he was uncomfortable hiring a 50 year-old attorney. During the course of a pre-employment interview, for

instance, Mr. Kim stated, "I am concerned about your age." Mr. Kim further stated, "You seem very old to be starting out in a major law firm." Michael Quigley, the second-highest partner in the Group, was present during this interview, and, through his silence, condoned these ageist remarks made by Mr. Kim.

11.   Plaintiff replied that he hoped Mr. Kim would not hold his age and experience against him. Mr. Kim did not respond, and instead changed the subject.

12.   In or around March 2004, Plaintiff took a three-week absence for minimally-invasive heart-valve surgery. Beginning with his return in or around April 2004, Mr. Kim's demeanor, interaction, and work assignments in relation to Plaintiff changed considerably. For instance, Mr. Kim avoided meeting with Plaintiff or contacting him by telephone and e-mail, as he had done during Plaintiff's previous nine months with the firm. Rather than communicate directly with Plaintiff about projects that Plaintiff had been directing, Mr. Kim began communicating with him through David Park, a significantly younger attorney in the Korea Practice Group.

13.   Also in or around April 2004, Plaintiff asked Mr. Park why Mr. Kim had suddenly stopped communicating with him directly. Mr. Park explained that for cultural reasons, Korean employers like Mr. Kim prefer a clear superior-subordinate relationship, and that Mr. Kim felt that Plaintiff (51) was too old to work in a relationship in which he was subordinate to Mr. Kim (54) as well as to Mr. Quigley, who was approximately 46 years old.

14.   Mr. Park advised Plaintiff that Plaintiff's age was a "big problem" for Mr. Kim and that Plaintiff's recent heart surgery had deepened Mr. Kim's concerns about Plaintiff's age. Mr. Park also told Plaintiff that Mr. Kim had directed Mr. Park, who is in his thirties, to take charge of the projects headed up by Plaintiff.

15. Beginning around April 2004, Mr. Park effectively supervised Plaintiff's work, instructing him to draft sections of major memoranda, which Mr. Park then reviewed. Although this reporting relationship unjustifiably and effectively downgraded him, Plaintiff tolerated his effective demotion with the expectation that the change would prove to be temporary.

16. Several weeks after Plaintiff returned to work from his heart surgery, Mr. Kim encountered Plaintiff in the hallway, expressing concern about Mr. Gross' health and stating to Plaintiff that "we're both getting older."

17. Mr. Kim also initiated a discussion about the medicine Plaintiff had been prescribed for his heart condition and advised Plaintiff that he also took baby aspirin, which doctors had prescribed Mr. Gross.

18. Mr. Kim also asked Plaintiff when he expected to retire, suggesting that it was appropriate for him to be moving in that direction. When Plaintiff told him that he did not plan to retire for at least another 15 years or more, Mr. Kim expressed surprise and told Plaintiff that he (Mr. Kim) hoped to retire soon.

19. In or around July 2004, Mr. Kim and Mr. Quigley made negative comments to Plaintiff about his age, and suggested that he should not be working for Akin Gump.

20. For instance, on or about July 13, 2004, Mr. Kim told Plaintiff that he was "too old to do the kind of work you're doing." Mr. Kim also asked Plaintiff about his age, and, when Plaintiff replied "51," reiterated his concern that Plaintiff was older than Mr. Quigley, which he said was "not good." Mr. Kim also stated that he was "very uncomfortable" that Plaintiff was "still doing writing and research" at his age.

21. Mr. Kim suggested that Mr. Gross investigate the possibility of working with the

firm's public law and policy practice group. The only reason that Mr. Kim provided for seeking Mr. Gross' removal from the Korea Practice Group was his discomfort with Plaintiff's age.

22. A few days later, Plaintiff met with Mr. Quigley, who said he agreed completely with Mr. Kim that Mr. Gross was "not a good fit" with the Korea Practice Group because he was "too old to be doing junior-level work." On the other hand, Mr. Quigley said, he and Mr. Kim viewed the quality of Mr. Gross' work as very good.

23. Mr. Quigley observed that Plaintiff's age and experience made him "perfect" for a job with a policy think tank or as an in-house corporate counsel, but reiterated his view that Plaintiff was too old to be working for Mr. Kim, Mr. Park and him in the Korea Practice Group.

24. On or about August 5, 2004, Mr. Kim informed Plaintiff that the firm was terminating his employment effective October 1, 2004. According to Mr. Kim, Mr. Quigley had discussed Plaintiff's situation with R. Bruce McLean, Akin Gump's Chairman, who agreed that he was not a "good fit" with the group. Mr. Kim said that Mr. McLean decided on a "60-day exit strategy" for Plaintiff, and that Mr. McLean indicated that there was no work opportunity available for Plaintiff in the public law and policy practice group.

25. On or about September 1, 2004, Plaintiff met with Rick Burdick, partner-in-charge of the Washington office, to seek his advice and assistance. To Plaintiff's surprise, Mr. Burdick told Mr. Gross that he knew nothing about his termination. Mr. Burdick expressed appreciation for the work Plaintiff had done in organizing the Korea Practice Group, and said he would speak with Mr. McLean and Mr. Quigley.

26. Several days later, Mr. Burdick informed Plaintiff that he could, in fact, explore other opportunities in the public law and policy group, but he also confirmed that Plaintiff would have to

5

leave Akin Gump if he could not find work with another group.

27. Although Plaintiff made every effort during September and October 2004 to convince top managers of the public law and policy group that he could make a strong contribution to their work, Defendant refused to give him a position and, after a one-month extension, terminated his employment on October 31, 2004.

28. During his employment at the firm, Plaintiff received nothing but praise for his work. Mr. Kim told Plaintiff repeatedly, both orally and in writing, that his work product was excellent. Mr. Kim also noted that lawyers and officials in Korea regarded Mr. Gross highly, and he even observed that Mr. Gross would make a great ambassador. Mr. Quigley said on more than one occasion that Plaintiff's work had earned him a great deal of good will at the firm, and admitted that Plaintiff's writing was better than his own.

29. On or about October 27, 2004, a few days before Plaintiff's last day at the firm, Mr. Kim reiterated to him that Akin Gump was terminating him not because of any defects in his performance, but because he was "too senior" because of his age and, therefore, "not a good fit."

30. Mr. Kim also told Plaintiff that his termination was not based on economic considerations, stating that the Korea Practice Group was having its best year ever and could easily "carry" Mr. Gross if it were not for his age.

31. Mr. Kim said he would have been able to pick up the phone and find Mr. Gross a position at another law firm if Mr. Gross were a fifth-year associate, but that this would not be possible in Plaintiff's case because he was too old.

32. On October 31, 2004, Defendant terminated Plaintiff's employment.

33. On February 26, 2007, Plaintiff filed his complaint in this matter, alleging that

Defendant discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act and the District of Columbia Human Rights Act.

34.  On June 25, 2007, Defendant filed its Motion to Amend Answer and File Counterclaims, alleging wrongdoing by Plaintiff and seeking monetary damages.

### COUNT I
### (Age Discrimination in Violation of the Age Discrimination in Employment Act)

35.  Plaintiff Gross incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-34 of this Complaint with the same force and vigor as if set out here in full.

36.  Plaintiff was terminated by the Defendant because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

37.  As a direct and proximate result of the unlawful acts of Defendant, Plaintiff suffered and continues to suffer lost earnings and benefits, suffering, loss of reputation, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

38.  The acts committed by Defendant were intentional, knowing, willful and in reckless disregard of Plaintiff's rights, and unlawfully discriminated against Plaintiff on account of his age.

### COUNT II
### (Age Discrimination in Violation of the District of Columbia Human Rights Act)

39.  Plaintiff Gross incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-38 of this Complaint with the same force and vigor as if set out here in full.

40. Plaintiff was terminated by the Defendant because of his age, in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et. seq.*

41. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff suffered and continues to suffer lost earnings and benefits, suffering, loss of reputation, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

42. The acts committed by Defendant were intentional, malicious, wanton, willful, and in reckless disregard of Plaintiff's rights, and unlawfully discriminated against Plaintiff on account of his age.

## COUNT III
### (Retaliation in Violation of the Age Discrimination in Employment Act)

43. Plaintiff Gross incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-42 of this Complaint with the same force and vigor as if set out here in full.

44. Plaintiff's February 26, 2007 complaint constituted protected activity under the law.

45. Defendant's June 25, 2007, Motion to Amend Answer and File Counterclaims alleging wrongdoing and seeking money damages constituted an adverse action against Plaintiff Gross.

46. Defendant filed its motion with the intent to chill Plaintiff's exercise of his rights and to retaliate against Plaintiff.

47. By filing its motion, Defendant retaliated against Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

48. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff suffered

and continues to suffer lost earnings and benefits, expenditure of attorney's fees and costs, suffering, loss of reputation, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

49. The acts committed by Defendant were intentional, knowing, willful and in reckless disregard of Plaintiff's rights, and unlawfully retaliated against Plaintiff on account of his protected activity.

## COUNT IV
### (Retaliation in Violation of the District of Columbia Human Rights Act)

50. Plaintiff Gross incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-49 of this Complaint with the same force and vigor as if set out here in full.

51. By filing its motion, Defendant retaliated against Plaintiff in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et. seq*.

52. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff suffered and continues to suffer lost earnings and benefits, attorney's fees and costs, suffering, loss of reputation, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

53. The acts committed by Defendant were intentional, malicious, wanton, willful, and in reckless disregard of Plaintiff's rights, and unlawfully discriminated against Plaintiff on account of his protected activity.

\*     \*     \*

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

1. Enter judgment on behalf of Plaintiff Gross;

2. Award Plaintiff Gross lost back pay and front pay, compensatory damages, liquidated damages, and punitive damages;

3. Reinstate Plaintiff Gross into the position of Senior Counsel or a comparable position, with all attendant benefits, award front pay until Defendant reinstates Plaintiff into the position in question or a comparable position, and award all other appropriate equitable relief;

4. Award Plaintiff Gross his court costs, expenses, and attorneys' fees;

5. Award Plaintiff Gross compensation for any additional tax burden that is or will be incurred were it not for the discriminatory treatment to which he was subjected;

6. Award Plaintiff Gross prejudgment interest and post-judgment interest;

7. Declare that Defendant's conduct is in violation of the Age Discrimination in Employment Act and the District of Columbia Human Rights Act; and

8. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Donald G. Gross
Donald G. Gross

WEBSTER, FREDRICKSON & BRACKSHAW

/s/
Jonathan C. Puth, #439241
Kataryna L. Baldwin, #494439
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 659-8510

Attorneys for Plaintiff

## VERIFICATION

I, Donald G. Gross, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.

_____
Donald G. Gross

Subscribed and sworn to before me
this 11th day of July, 2007.

_____
Notary Public

My Commission Expires:

GAIL M. SPENCE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 14, 2010

11


## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

_____
Jonathan C. Puth, #439241
Webster, Fredrickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 659-8510

Attorney for Plaintiff