UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS,                           )<br>                                                      )<br>            Plaintiff,                        )<br>                                                      )<br>      v.                                           )<br>                                                      )<br> AKIN GUMP STRAUSS HAUER & FELD LLP  )<br>                                                      )<br>            Defendant.                    )<br>                                                      ) | Civil Action No. 07-399 (EGS) |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

1. Counterclaim Defendant ("Mr. Gross") admits that Counterclaim Plaintiff ("Akin Gump") has an office in the District of Columbia, but is without sufficient knowledge to admit or deny, and therefore denies, the remaining allegations of paragraph 1.

2. Mr. Gross admits the allegations of paragraph 2.

3. Paragraph 3 is a legal assertion to which no response is required.

4. Mr. Gross admits that the counterclaims purport to state claims that support venue in this district, but denies the factual and legal sufficiency of those claims.

5. Mr. Gross admits that in June 2003, he was offered a Senior Counsel position at Akin Gump, but denies the allegations in the remainder of first sentence of paragraph 5. Mr. Gross admits the allegations in the second sentence of paragraph 5. Mr. Gross admits the language of the letter referred to in the third sentence of paragraph 5, but denies the allegations in the remainder of the third sentence.

6. Mr. Gross denies the allegations in paragraph 6.

7. Mr. Gross denies the allegations in paragraph 7.

8. Mr. Gross denies the allegations in paragraph 8.

9. Mr. Gross admits that Mr. Kim suggested on or about July 13, 2004 that Mr. Gross investigate the possibility of working elsewhere in the firm. Mr. Gross further admits that he was informed on August 5, 2004 that his employment would be terminated. Mr. Gross denies the remaining allegations of paragraph 9.

10. Mr. Gross admits that he worked to develop an engagement with the Prospective Client, and that he drafted a proposed engagement letter. Mr. Gross further admits that Mr. Gross and others performed preliminary work for the Prospective Client. Mr. Gross denies the remaining allegation in paragraph 10.

11. Mr. Gross admits he wrote to the Prospective Client on July 25, 2004 and that the email included the quoted language. Mr. Gross denies the remaining allegations of paragraph 11.

12. Mr. Gross admits he wrote to the Prospective Client on July 29, 2004 and that the email included the quoted language, without emphasis. Mr. Gross denies the remaining allegations of paragraph 12.

13. Mr. Gross is without sufficient knowledge to admit or deny the allegations of paragraph 13, and therefore denies the allegations.

14. Mr. Gross denies the first sentence of this paragraph. Mr. Gross is without sufficient information or knowledge to admit or deny the remaining allegations of paragraph 14, and therefore denies the allegations.

15. Mr. Gross admits that he sent a memorandum to Mr. Kim on August 3, 2004 to prepare Mr. Kim for a meeting with the head of Company X, and that the memorandum included the quoted language in the third sentence of paragraph 15. Mr. Gross denies the remaining allegations of

paragraph 15.

16.     Mr. Gross admits that Mr. Kim told him that he would have to leave the firm within 60 days. Mr. Gross denies the remaining allegations of paragraph 16.

17.     Mr. Gross denies that he sought to work only on business development in the International Section of the firm but otherwise admits the remaining allegations in the first sentence of paragraph 17.  Mr. Gross admits that his August 6, 2004 email included the quoted, though not the bracketed, language in the second sentence of paragraph 17.  Mr. Gross admits the allegations of the third sentence of paragraph 17.

18.     Mr. Gross admits that he asked Mr. Kim, via email dated August 12, 2004, to recommend him to the CEO of Company X during Mr. Kim's next meeting with the CEO.  Mr. Gross further admits that Mr. Kim responded that he would do his best.  Mr. Gross denies the remaining allegations of paragraph 18.

19.     Mr. Gross admits the allegations in paragraph 19.

20.     Mr. Gross admits that he was on Akin Gump's payroll on August 24, 2004, that he wrote to the Prospective Client on the same date, and that the email included the quoted, though not the bracketed, language.  Mr. Gross denies the remaining allegations of paragraph 20.

21.     Mr. Gross admits that he sought a position with various legal employers, including Akin Gump, Company X and the Prospective Client, but denies the remaining allegations of paragraph 21.

22.     Mr. Gross is without sufficient information or knowledge to admit or deny, and therefore denies, the allegations in paragraph 22.

23.     Mr. Gross admits the allegations in paragraph 23.

24. Mr. Gross denies the allegations in paragraph 24.

25. Mr. Gross denies wrongdoing and is without sufficient information or knowledge to admit or deny, and therefore denies, the remaining allegations in paragraph 25.

## COUNT I
### (Breach of Fiduciary Duty of Loyalty)

26. Mr. Gross incorporates his responses to paragraphs 1 - 25 as if fully set forth herein.

27. Paragraph 27 is a legal assertion to which no response is required. Otherwise, Mr. Gross denies the allegations of paragraph 27.

28. Mr. Gross denies the allegations of paragraph 28.

29. Mr. Gross denies the allegations of paragraph 29.

30. Mr. Gross denies the allegations of paragraph 30.

31. Mr. Gross denies the allegations of paragraph 31.

32. Mr. Gross denies the allegations of paragraph 32.

## COUNT II
### (Tortious Interference with Economic Advantage)

33. Mr. Gross incorporates his responses to paragraphs 1 - 32 as if fully set forth herein.

34. Paragraph 34 is a legal assertion to which no response is required. Otherwise, Mr. Gross denies the allegations of paragraph 34.

35. Paragraph 35 is a legal assertion to which no response is required. Otherwise, Mr. Gross denies the allegations of paragraph 35.

36. Mr. Gross denies the allegations of paragraph 36.

37. Mr. Gross denies the allegations of paragraph 37.

Mr. Gross denies that Akin Gump is entitled to any of the remedies sought in its prayer for relief.

## AFFIRMATIVE DEFENSES

1.  Akin Gump fails to state a claim for which relief can be granted.

2.  Akin Gump's counterclaim allegations are in retaliation for Mr. Gross' age discrimination lawsuit.

3.  Akin Gump's claims are barred by the doctrine of laches.

4.  Akin Gump's claims are time-barred.

> Respectfully Submitted,
>
> WEBSTER, FREDRICKSON, HENRICHSEN,
> CORREIA & PUTH, P.L.L.C.
>
>  /s/  Jonathan C. Puth
> Jonathan C. Puth  #439241
> Kataryna L. Baldwin  #494439
> 1775 K Street, N.W., Suite 600
> Washington, D.C.  20006
> (202) 659-8510
> Attorneys for Plaintiff