IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DONALD G. GROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07CV00399 (EGS) |
| ) | |
| AKIN GUMP STRAUSS HAUER & FELD LLP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), through counsel, submits this Notice of Supplemental Authority.

Akin Gump filed its motion for summary judgment on November 2, 2007. Recently, the United States Court of Appeals for the District of Columbia decided a case that has direct bearing on Defendant's motion, Adeyemi v. District of Columbia, No. 07-7077, 2008 U.S. App. LEXIS 10523 (D.C. Cir. May 16, 2008).

In Adeyemi, the Court affirmed summary judgment for an employer in a case involving a claim under the Americans with Disabilities Act. The Court rejected the plaintiff's argument that one of his interviewers demonstrated discriminatory animus by asking him a question regarding his disability during his interview and doing so prevented summary judgment. The Court further disregarded the plaintiff's attempt to impute the interviewer's comments to the

400829724v1

individual who actually made the decision not to hire the plaintiff, because he discussed the applicant with the interviewer.[1]  Specifically, the Court found that:

> In any event, Thompson was not the decisionmaker for those positions. Rather, Keyes made the hiring decisions, and he did not express any concerns about DCPS's ability to accommodate Adeyemi. . . .  In short, Thompson's statements do not suffice for Adeyemi to overcome summary judgment.

Id. at **18-19.

Likewise, here, even if any discriminatory animus could be imputed from Sukhan Kim's alleged comments about Mr. Gross's age, it is undisputed that it was Bruce McLean, Akin Gump's Chairman, who made the decision to terminate the employment of Donald Gross, not Mr. Kim.  See Defendant's Statement of Undisputed Material Facts at ¶¶50-59.[2]  In fact, unlike in Adeyemi, it is undisputed that Mr. McLean did not even discuss his decision to terminate Mr. Gross's employment with Mr. Kim prior to making his determination.  Id. at ¶56.  The Adeyemi decision provides further support for Defendant's argument that under the circumstances present in this case, Mr. Kim's alleged statements "do not suffice for [Mr. Gross] to overcome summary judgment."  Adeyemi, 2008 U.S. App. LEXIS 10523 at **18-19.

---

[1]  In so holding, the Court relied on authority wholly consistent with the authority cited by the Defendant in its Motion for Summary Judgment at 8-13.

[2]  Paragraph 55 of Defendant's Statement of Undisputed Material Facts was corrected via an Errata filed on December 19, 2007.  As the sworn testimony originally cited in Paragraph 55 demonstrates, Paragraph 55 should read "Mr. Kim did not recommend that Akin Gump terminate Mr. Gross's employment."

400829724v1

For these reasons, Defendant provides the Court with this Notice of Supplemental Authority.

Dated:  May 23, 2008                                    Respectfully submitted,

                                                        _____/s/_____
                                                        Christine N. Kearns (Bar #416339)
                                                        Karen-Faye McTavish (Bar # 477588)
                                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                        2300 N Street, N.W.
                                                        Washington, D.C.  20037-1128
                                                        (202) 663-8000
                                                        Counsel for Defendant