## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD G. GROSS | ) |
| | ) |
| Plaintiff, | ) |
| | )    Civil Action No. 07-399 (EGS/JMF) |
| v. | ) |
| | ) |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to this Court's Minute Order entered May 28, 2008, Plaintiff Gross respectfully submits his Response to Defendant's Notice of Supplemental Authority filed May 23, 2008 (Docket Entry No. 41)("Notice").

Defendant contends in its Notice that its Motion for Summary Judgment is somehow supported by the recent decision in *Adeyemi v. District of Columbia*, No. 07-7077, 2008 WL 2065795 (D.C. Cir. May 16, 2008), but that case is entirely inapt. In *Adeyemi*, the Court analyzed the effect of an "entirely appropriate" remark by an individual who interviewed the plaintiff. *Adeyemi*, 2008 WL 2065795 *6. Granting summary judgment to the employer, the Court found that there was nothing stated by the witness "to suggest discriminatory animus." *Id*. The Court further noted that the individual was not a decision-maker, a point apparently not in dispute. *See id.* at 7.

Unlike in *Adeyemi*, the statements here are obviously and overtly discriminatory, and they were made directly in the context of Plaintiff's termination from his job. In particular, Sukhan Kim and Michael Quigley, the two Akin Gump partners who ran the Korea Practice Group, told Mr. Gross that he was being removed from his job in the group them because he was "too old."

(Plaintiff's Opposition to Defendant's Motion for Summary Judgment, p. 12, December 11, 2007 (Docket Entry No. 34)("Opp.").)[1]  The statements directly reflect discriminatory animus.

Moreover, and in another key distinction from *Adeyemi*, Defendant conceded that both Kim and Quigley participated in the termination decision.  (*See* Opp. at 23-27.)  Defendant admitted to the EEOC that "Mr. Kim, Mr. Quigley, and Mr. McLean all participated in . . . the decision to terminate Mr. Gross."  (Opp. Ex. 6 at 10; *see also id.* at 5 ("Kim had already concluded [months earlier] that Mr. Gross would have to be let go.").)

Attempting to fit this case within the ambit of *Adeyemi*, Defendant claims that "it is undisputed" that McLean made the decision alone and that Kim had no input into the decision (Notice at 2), but both contentions are in fact disputed.  (Plaintiff's Statement of Material Facts at Issue at ¶¶ 76-83, 85, 87.)  In addition, there is ample evidence from which a jury could reasonably conclude that Defendant is being untruthful on these very points.  (*See* Opp. at 19-28.)  Contrary to Defendant's position, a jury could readily disbelieve Defendant's disputed claims concerning the decision-making process.  *See Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 151 (2000)(in considering a dispositive motion, a trial court "must disregard all evidence favorable to the moving party that the jury is not required to believe.")

Finally, Defendant misleadingly suggests that the Court in *Adeyemi* rejected a supposed attempt by the plaintiff in that case to impute the (non-discriminatory) comments to the decision-maker "because he discussed the applicant with the interviewer."  (*See* Notice at 1-2.)  To the

---

[1]Specifically, Kim told Mr. Gross that he was "very uncomfortable" with Mr. Gross' age and that he was letting him go from the Korea Practice Group because he was "too old" for the kind of work he was doing; Quigley told Mr. Gross he agreed completely with Kim and that Mr. Gross was being let go because he was "too old to be doing junior-level work."  (Opp. Exhibit 1, Gross Dep. at 238-39, 244-45; Verified Complaint at ¶¶20, 22.)

contrary, no mention was made by the Court of any supposed "attempt to impute" let alone a ruling on that non-existent point. *See Adeyemi*, 2008 WL 2065795 *6-7.  Defendant's suggestion is also contrary to the law of this jurisdiction, which holds employers liable for the bias of employees participating in adverse employment actions. *See Griffin v. Washington Convention Center*, 142 F.3d 1308, 1312 (D.C. Cir. 1998)("[E]vidence of a subordinate's bias is relevant where the ultimate decision maker is not insulated from the subordinate's influence."); *Cones v. Shalala*, 199 F.3d 512, 519 (D.C. Cir. 2000)(employer liable for bias of employees involved in personnel action).  Here, Defendant concedes Quigley participated in the decision (*see* Defendant's Reply, January 22, 2008 (Docket Entry No. 39), at p. 17 & fn. 11), and the record reflects Kim's participation.  (*See* Opp. at Ex. 6.)  *Adeyemi* simply did not address an "attempt to impute" bias.[2]

The *Adeyemi* case concerned a statement that was not discriminatory, uttered by someone who was not involved in the decision.  *Adeyemi*, 2008 WL 2065795 *6.  That case does not in any way support a grant of summary judgment for the defendant.

Respectfully Submitted,

WEBSTER, FREDRICKSON, CORREIA & PUTH

_____/s/_____
Jonathan C. Puth  #439241
1775 K Street, N.W., Suite 600
Washington, D.C.  20006
(202) 659-8510
Attorney for Plaintiff Gross

---

[2]Plaintiff here does not seek to impute bias of subordinate employees to those involved in the termination decision.  This record contains ample proof of bias by each individual responsible for the termination, both through direct evidence and indirect proof that the reasons given by McLean and others for the termination are untrue and are instead a pretext for discrimination.

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this **5th** day of June, 2008, a copy of the foregoing  Response to Defendant's Notice of Supplemental Authority was transmitted via electronic filing to:

Christine Nicolaides Kearns, Esq.
Karen McTavish, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
2300 N St., N.W.
Washington, DC  20037

Counsel for Defendant

                                */s/*
                           Jonathan C. Puth  #439241
                           Webster, Fredrickson, Correia & Puth
                           1775 K Street, N.W., Suite 600
                           Washington, D.C. 20006
                           (202) 659-8510